WILSON H. WOODRUFF et al., Appellants, v. SIMEON COOK et al., Respondents.

Where, by a devise, a remainder is limited upon three or more successive estates for life, all of the life estates subsequent to the first two are void, but their illegality does not affect the prior ones: these, by necessary implication from the statute in relation to the division and creation of estates (1 R. S., 721, § 17), are valid, and the remainder takes effect upon their expiration, in the same manner as if no other life estates had been created.

*Amory* v. *Lord* (5 Seld., 403) distinguished.

(Argued September 15, 1874; decided January term, 1875.)

THIS action was brought, among other things, ·to have determined the validity of the following clause in the last will and testament of John Woodruff, deceased:

"First. The whole of my property, personal, as well as real estate, stock and every thing else, I give to my wife during her lifetime. My estates, rights and titles are to be in the occupancy of my daughter, Rose Ellen, and her husband, for the benefit of the family. After the death of the mother, my estate is to go to Rose Ellen, with the appurtenances thereof. In case she has no children, and should die before her husband, he is to have the benefit of it during his lifetime. At his death it is to be divided equally among the rest of my children. In case Rose Ellen has children, it is secured to her and to them forever."

The testator died seized of certain real estate in the county of Otsego. Plaintiffs claimed that the devise was void, because it suspended the power of alienation for more than two lives in being at the creation of the estate. At the time of the commencement of the action, the wife of the testator had died; the defendants, Simeon Cook and Rose Ellen Cook, his wife (who was the daughter Rose Ellen mentioned in the said clause of the will), claimed that a title in fee vested in said Rose Ellen Cook upon the death of her mother. The trial court decided that, upon the death of her mother, said Rose Ellen took a life estate absolutely, and the fee if she has children, and the remainder over to the testator's other

children was contingent upon her death without having had children. The opinion of the commission on this question is as follows :

" That construction [*i. e.*, of the trial court] was correct at least so far as it related to the plaintiff's rights. It effectuated the manifest intention of the testator, and there is no ground for the claim of the appellants' counsel that the devise is wholly void on the ground, as stated by him, that ' it violates the provisions of sections 14 and 15 of the statute Of the creation and division of estates, as there are no *persons in being* by whom *an absolute fee in possession* can be conveyed, and the absolute power of alienation is therefore suspended for a longer period than during the continuance of *not more* than two lives in being at the creation of the estate.' The sections referred to are contained in article 1 of title 2, chapter 1 of part 2 of the Revised Statutes (vol. 1, p. 721), which article is entitled ' Of the creation and division of estates,' and is in these words :

" ' § 14. Every future estate shall be void in its creation which shall suspend the absolute power of alienation for a longer period than is prescribed in this article. Such power of alienation is suspended where there are no persons in being by whom an absolute fee in possession can be conveyed.

" ' § 15. The absolute power of alienation shall not be sus-. pended by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the creation of the estate, except in the single case mentioned in the next section.' That section provides that a contingent remainder in fee may be created on a prior remainder in fee to take effect in the event that the person to whom the first remainder is limited shall die under the age of twenty-one years, or upon any other contingency by which the estate of such persons may be determined before they attain their full age, and the facts appearing in this case do not bring it within that exception.

" The three sections above referred to are followed by the seventeenth in these words :

" ' § 17. Successive estates for life shall not be limited unless to persons in being at the creation thereof, and where a

remainder shall be limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto shall be void, and upon the death of those persons the remainder shall take effect in the same manner as if no other life estates had been created.' The will in question contained a provision for the creation of a third estate for life in the husband of Rose Ellen Cook after her death on the contingency of the happening of that event without having had children, if he survived her. That provision was unauthorized and void, as is declared by said section 17, but its illegality did not affect the prior life estate of the widow of the testator, or of Mrs. Cook. On the contrary, their validity was recognized and necessarily implied by the declaration, that the remainder intended to be limited on the third estate for life (declared void) should, upon the death of the two persons first entitled to such an estate, take effect in the same manner as if no other life estate had been created. In other words, the will was to be construed as if the devise to the husband of Mrs. Cook had not been contained therein, and that the remainder, in case of her death, without having had children, should, immediately on the happening of that event, be divided equally among the other children of the testator. It is evident from the terms of the will that Mrs. Cook was to be entitled to an estate during her life after her mother's death, and that the testator's other children were only to acquire an estate — ' to be divided equally ' among them — on the death of Mrs. Cook, and then only in case she had no children. That view of their rights was taken in the decision of the judge at Special Term, and is expressed in the opinion given by him in support thereof, and more fully in that of Judge Balcom at General Term (in which, so far as relates to the construction of the will, I concur), and I find no ground for the statement of the appellants' counsel, that no effect was given by the court below to the clause in the will relating to the ' occupancy of the land ' — that it had ' been overlooked ' or ' regarded as of no moment.' The sections (14 and 15), particularly relied on by him, relate to estates in expectancy, commencing at a future day, denominated future

estates; and a future estate is defined to be ' an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate created at the same time.' See sections 9 and 10 of the same article hereinbefore referred to; and the said sections 14 and 15 do not affect any precedent estate for life, except such as may have been intended to take effect at the expiration of two prior successive estates for life, in which case, as before stated, section 17 declares that all life estates subsequent to those of the two persons first entitled thereto shall be void.

"The views above expressed and the decision herein of the court below are not inconsistent with the decision in *Amory* v. *Lord* (5 Seld., 403), cited and relied on by the appellants' counsel. There the devise by the testator of his estate was to trustees. for the purposes of the will — in trust, among other things, to receive the rents and profits of the real estate and apply them to the use of the beneficiaries provided for during the continuance of a term that, as was said by Judge GARDINER, ' endured, and was intended to endure, for three lives at least,' and, therefore, contravened the provisions of the statute, which declares that the absolute power to sell real estate shall not be suspended by any condition or limitation whatever for a period longer than two lives in being at the creation of the estate, and was consequently void. The parties there entitled to the rents had no *legal estate* in the land from which they were to be paid, but were to receive them from the trustees to whom the property was devised, and ' through the trust;' and it is well stated in the head-note of that case, as a result of the opinions therein, that ' by said devise the widow and children of the testator, and their surviving wives and husbands, did not take successive *legal estates*, in which case the first two would be valid and the others void; but mere *equities*, all dependent upon the trust, which, being void, the equitable interests all failed.' That important distinction between the cases not only shows that the decision in that case is not adverse to, but in entire harmony with, that of the court below in the case at bar."

Various other questions were decided upon the facts, and upon the ground that the exceptions were not sufficient to present them.

*J. E. Dewey* for the appellants.

*H. Sturges* for the respondents.

LOTT, Ch. C., reads for affirmance.
All concur.
Judgment affirmed.