LEONORA P. KELSO, Appellant, *against* LOUIS L. LORILLARD, Respondent.

(Decided July 15th, 1879.)

A testatrix devised all her real estate to her husband for life, and after the death of her husband to her son T., and in case her son died before he became twenty-one years of age, unmarried, and without having a child or children, and her husband should have died, she devised to her sisters L. and E. the estate given to her by her mother, and in case either of said sisters died without leaving a child or children then the "survivor" to take the whole. *Held*, that the word "survivor" as so used in the will meant the one of the two sisters who survived the other, and did not refer to their survival of the death of the testatrix, and that on the death of the husband, and of the son under the age of twenty-one, unmarried and childless, and of E., one of the sisters, also childless, the surviving sister took the whole estate.

APPEAL from a judgment entered upon a dismissal of the complaint by the court at the trial of the action at special term.

This was an action for specific performance of a contract for the purchase of land. The defense was that the plaintiff had not a good title to the premises. The land is part of the estate of which Louisa W. Cuming, the sister of the plaintiff, died seized on the 25th of August, 1869, and which she derived from her mother by devise.

Mrs. Cuming, at her decease, left a will, in which she gave all her real and personal estate to her husband for life, and after his death to her son Thomas Waring, if he should live until twenty-one years of age, or if he should marry before he was twenty-one years of age and die leaving a child or children, then to such child or children.

The will then provides as follows:—

"If my son should die before he becomes twenty-one years of age, unmarried, and without leaving a child or children, and my husband should have departed this life, then I

give, devise and bequeath to my sisters Leonora P. Van Atwerp and Estherina M. Fisher all the estate given to me by my mother, of every nature and kind, and also my silver and plated ware and two parlor clocks, to be equally divided between them, and in case either of my said sisters should depart this life without leaving a child or children then the survivor to take the whole; or in case of the death of both of them, each leaving a child or children, then I give, devise and bequeath the share which each of my sisters would have been entitled to if living to her child, or if more than one child, to her children, to be equally divided between her children ; or if either of said sisters should depart this life without leaving a child or children, then I give, devise and bequeath the said estate, of every nature and kind, to the child, or if more than one, to the children of said sister who shall depart this life leaving a child or children—if only one, to take the whole; if more than one, to be equally divided between them."

At the time of the death of Mrs. Cuming, her husband, her son and her sisters Leonora (the plaintiff) and Estherina were living. The husband of the testatrix died a few hours after his wife.

Estherina afterwards married William R. McCready, and died December 28th, 1859, without leaving children, and leaving a will in which she gave all her real and personal property to her husband, who is still living.

The son of the testatrix died in the year 1860, aged ten years, unmarried and without issue.

The defendant claims that Mrs. McCready, under the will of Mrs. Cuming, took an estate in expectancy of one-half of the property, which passed by her will to her husband.

The court below placed this construction upon the will of Mrs. Cuming, and dismissed the plaintiff's complaint, and from the judgment thereupon rendered this appeal is taken.

*Thomas E. Stewart*, for appellant.

*G. Tillotson*, for respondent.

VAN BRUNT, J.—It is an elementary principle in the construing of a will that the intention of the testator is the first and great object of enquiry, and that for the purpose of ascertaining such intention we are not confined to the particular clause in question, but gather the same from the whole instrument. Applying this rule of construction to the will in question, it would seem to be evident that Mrs. Cuming intended that, in case her son died without issue, under age, the property which she derived from her mother should not be diverted from her mother's family. She therefore provides, that if her son should die before he becomes twenty-one years of age, unmarried, and without leaving a child or children—her husband being then dead—that the estate given to her by her mother should go to her two sisters, to be equally divided between them, and in case either of her sisters should depart this life without leaving a child or children then the survivor to take the whole.

It is urged by the defendants that death during the lifetime of the testator was referred to in this clause, and cites the case of *Moore* v. *Lyons* (25 Wend. 119, and cases there cited).

An examination of these cases will show that the question of survivorship was determined to relate to the death of the testator rather than to the termination of the intermediate estate, because the latter construction would defeat the object which the testator manifestly intended to accomplish by his will.

The limitation to her own family by the testatrix in her will related only to the property which she had derived from her mother. That property she devised to her sisters, and her sisters' children, if they should die leaving any children ; but if either of her sisters should die without children before she would be entitled to enjoy any portion of the estate, it undoubtedly was the intention of the testatrix that the surviving sister should take the whole estate.

There is another consideration which goes to show very strongly that it was the intention of the testatrix that survivorship should relate to the death of her son rather than

to her own decease, which is suggested by the date of the will and the day of the death of the testatrix. The will was executed on the 25th of August, 1856, and the testatrix died on the 26th of August. This circumstance shows that the will in question was executed in view of an expected speedy death, and it is idle to presume that under those circumstances that the testatrix could have possibly referred in her will to the death of her sister Estherina, leaving children, before the death of the testatrix, when at the time of the making of the will Estherina never had been married.

It is further urged by the counsel for the defendant that if the survivorship related to any time except that of the death of the testatrix there was an unlawful suspension of alienation, which would render invalid the whole devise over to the sisters. It is undoubtedly true that any limitation upon the title which the sisters would take would be void under the statutes, but such illegal limitation would not avoid the whole devise. The courts have uniformly held in such cases the devise to be good, but the limitation over bad, and the devisee takes a fee. (*Woodruff* v. *Cook*, 61 N. Y. 638.)

The right of Estherina, therefore, to inherit depended upon her surviving the son of the testatrix, and she having died before that event, the surviving sister took the whole estate.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

LARREMORE and BEACH, JJ., concurred.

The judgment reversed and new trial ordered, with costs to abide event.