WALTER C. GOFFE *et al.* vs. ELIZABETH GOFFE.

MAY 10, 1915.

PRESENT: Johnston, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Wills. Devise of Rents and Profits.*

A devise of the income or of the rents and profits or use and occupation of land is a devise of the land itself and there is no distinction between real estate and personal property.

*(2) Wills. Illegal Limitations. Restraint on Marriage.*

A testamentary provision that in case of the marriage of the legatee one-half of the income bequeathed to her should pass to other children of testator is void as an illegal limitation and inoperative as a restraint upon marriage.

*(3) Wills. Cutting Down Devise.*

A clear gift is not to be cut down by anything which does not with reasonable certainty, indicate an intention to cut it down.

*(4) Wills. Trusts. Bequest of Income. Vested Remainders.*

By a holographic will testator devised his estate to his widow for life, (4) "my daughters E. and K. to live with her and to be provided for out of her income and at her decease I give to K. and W. executors of this will my

estate at the corner of R. I. Avenue to my daughter E. for a home so long as she lives; also the income from all personal property that I may possess." E. was under disability. (5) "At the decease of E. her interest in my estate to her brother and sisters. If K. should marry, one-half of her income to W. and E." (6) "All the reference to my daughter C. in this will to be left to the judgment of my executors. I want mother to help (C) all she can from her income." (7) "The Washington Square Estate, the income from that must pay insurance, taxes and expenses, the balance of the income, one-half to K. one-quarter to W. and E. one-quarter to C. as long as she is the wife or widow of S. and in case of her decease to her children. The same in the case of W. to his children. I think you can manage the estate R. I. Ave. to get quite an income from that." (10) "After the decease of my children E., K., W., & C. my real estate in trust and trustee to be paid to take care of the property for my grandchildren, share and share alike, and after them, their children." (11) "You have my permission to sell the Washington Square Estate if you can add to your income by so doing, the funds to go into a trust fund":—

*Held,* that it was the intention of testator that E. should have the benefit of the Rhode Island Avenue property and of the income from his personal estate, and the bequest of the income presupposed the setting apart and investment of the principal and the disbursement of the profit by some one in behalf of the *cestui,* and that the executors under the provisions of paragraph 4 took the Rhode Island Avenue property with the residue of the personal estate in trust for the life of E.

*Held,* further, that the words "for a home so long as she lives," were used in a sense broader and beyond their literal meaning, intending that the estate should be used in such a manner as would best provide or contribute to a home for E.

*Held,* further, that the words "at the decease of E. her interest in my estate to her brother and sisters" were used to describe that portion of his estate which he had set aside for the benefit of E. during her life, and as to that the brother and sisters stood in the position of vested remaindermen.

*Held,* further, that a valid testamentary disposition to C. having been made, the expression "all the reference to C. to be left to the judgment of my executors" being devoid of any construction which would harmonize it with the rest, must be held to be nugatory.

(5)   *Wills.   Legal and Equitable Estates.*

*Held,* further, that it was the intention of testator to charge the Washington Square Estate with the payment of the insurance, taxes and expenses of the Rhode Island Avenue Estate which was made a part of the life estate of E.; that a legal rather than an equitable estate was created in the Washington Square property and that an undivided half interest was given to K. and an undivided eighth to E. and that W. and C. took one-eighth and one-fourth interests for their respective lives which passed upon their decease to their children.

(6)   *Wills.   Devise Without Words of Limitation.*

*Held,* further, that in regard to the real estate embraced within the provisions of paragraph 5 and paragraph 7, the devises being without words of limita-

tion, under Gen. Laws, cap. 254, § 14, would be construed to pass a fee simple unless a contrary intention appeared in the will, but such intention appeared in paragraph 10, which being irreconcilable with paragraphs 5 and 7 must prevail as the later expression of testator's intention and hence the estates given under paragraphs 5 and 7 both present and in remainder must be construed to be life estates.

(7)  *Wills.  Trusts.*

*Held,* further, that from paragraph 10, it appeared testator intended to create a trust and the words used were sufficient for that purpose, since equity would not permit a trust to fail for want of a trustee.

(8)  *Wills.  Rule Against Perpetuities.*

*Held,* further, that the limitation to testator's grandchildren was valid since the number of grandchildren must be ascertained at the death of testator's children and all his children must be begotten before his death, but the attempted devise for the benefit of his great-grandchildren was void as in violation of the rule against perpetuities.

*Held,* further, that the trust was valid so far as the grandchildren were concerned and the remainder of the estate would pass to the heirs at law of testator and such heirs would take a vested legal estate in remainder by operation of the statute of uses.

(9)  *Wills.  Trusts.  Income.*

*Held,* further, that under paragraph 11, permissive authority to sell the Washington Square property was given the executors, acting in good faith and upon such sale the proceeds would pass into a trust the income to be disposed of in the same manner and proportions and to the same parties who would have been entitled to the income had the estate remainded unsold, following so far as valid the provisions of paragraph 10.

BILL IN EQUITY for construction of will certified under Gen. Laws, 1909, cap. 289, § 35.

VINCENT, J.  This is a bill in equity brought by Walter C. Goffe and Kate A. Goffe, individually and as executors of the last will of Augustus Goffe, late of Newport, in the State of Rhode Island, deceased; Lula A. G. Brown, Lawrence A. Goffe, Charlotte E. Stratford, all of the city of Newport; Kate S. Long, Elizabeth H. Long and Charlotte Long, the last two named minor children by their mother and next friend Kate S. Long, all of Springfield, in the Commonwealth of Massachusetts, and Charles H. Stratford, of Brooklyn, in the State of New York, against Elizabeth Goffe of said Newport, for the construction of the will of the said Augustus

Goffe and is certified to this court under the provisions of Section 35 of Chapter 289 of the General Laws of Rhode Island, 1909.

Prior to the certification to this court a decree was entered in the Superior Court appointing Louis W. Dunn, Esq., as guardian *ad litem* on behalf of the respondent, Elizabeth Goffe, a person under disability, and also as the representative of all persons not ascertained and persons not in being who may be or may become interested in the estate of the said Augustus Goffe, deceased, thus bringing all parties in interest before the court.

The will of Augustus Goffe is holographic and is as follows, the paragraphs being now numbered for convenience:

"The Last Will and Testament of Me
Augustus Goffe.

1. I order the payment of all my just debts as soon as possible after my decease.

2. I give my son, Walter C. Goffe, my interest in the clothing and furnishing goods business, now carried on at 177 Thames Street, or wherever it may be located.

3. I give, devise and bequeath unto my wife, Sarah A. Goffe, the use and improvements, rents and profits and income of all the rest of my estate, real and personal, now, or at the time of my decease, belonging to me, whether acquired prior or subsequent to making this will, to have and to hold the same so long as she remains my widow.

4. My daughters, Elizabeth and Kate A., to live with her and to be provided for out of her income, and at her decease I give to Kate A. Goffe and Walter C. Goffe, executors of this will to serve without bond, and without inventory or schedule of assets in Court, my estate at the corner of R. I. Avenue and Broadway, in Newport, City of Newport, State of R. I., to my daughter Elizabeth, for a home so long as she lives, also the income from all personal property that I may possess. Don't fail to take the best of care of said Elizabeth (her name interlined four lines above).

5. At the decease of said Elizabeth her interest in my estate to her brother and sisters. If Kate A. should marry, one-half of her income to Walter and Elizabeth, that will make one-quarter to each Elizabeth, Kate, Walter and Charlotte E.

6. All the reference to my daughter, Charlotte E. Stratford, in this will to be left to the judgment of my executors. I want mother to help Lottie all she can from her income.

7. The Washington Square Estate, the income from that must pay insurance, taxes and expenses, the balance of the income, one-half to Kate A., one-quarter to Walter C. and Elizabeth, one-quarter to Charlotte E. as long as she is the wife or widow of Wm. H. Stratford, and in case of her decease to her children. The same in the case of Walter to his children. I think you can manage the estate R. I. Avenue, to get quite an income from that.

8. When my life insurance policies are paid, I expect my wife and Elizabeth to use the same to pay off the mortgage on my real estate.

9. The foregoing provision made for my wife is in lieu of her dower in my estate, and the provision made for Elizabeth in lieu of her insurance policy.

10. After the decease of my children; Elizabeth, Kate A., Walter C. and Charlotte E., my real estate in trust, and trustee, to be paid to take care of the property for my grandchildren, share and share alike, and after them their children.

11. You have my permission to sell the Washington Square Estate, if you can add to your income by so doing, the funds to go into a trust fund.

12. I nominate and appoint Kate A. Goffe and Walter C. Goffe executors of this will, and request that they may be exempt from giving any surety on their executors' bond in the probate court, and I revoke all other wills and former wills by me made, and publish and establish this, and this only as my last will.

Witness my hand and seal at said Newport this day of March, A. D. 1899.

AUGUSTUS GOFFE."

Augustus Goffe deceased on the 4th day of June, 1899. His widow, Sarah A. Goffe, deceased August 8, 1914. The four children, Walter C. Goffe, Kate A. Goffe, Elizabeth Goffe and Charlotte E. Stratford survived them. Walter C. Goffe has two children, Lulu A. G. Brown and Lawrence A. Goffe. Charlotte E. Stratford has four children, Kate S. Long, Charles H. Stratford, Helen Stratford and Augustus Stratford. Kate S. Long has two children, Elizabeth H. Long and Charlotte Long. Kate A. Goffe is unmarried.

The property of the testator consisted of some personal estate and two parcels of real estate in Newport, one situated on Washington Square devoted largely or wholly to business purposes, and the other at the corner of Broadway and Rhode Island Avenue of a residential character. The questions which the complainants propound in and by their bill relative to the construction, validity and legal effect of certain of the provisions, devises and trusts contained in said will are as follows:

"1. Under the provisions of the fourth paragraph of said will do the executors take the real estate therein specified and all the personal property—exclusive of the bequest as contained in the second paragraph of said will—in trust to hold the same for the benefit of the respondent, Elizabeth Goffe, for the remainder of her life?

"2. Under the provisions of the fifth paragraph of said will, what if any interest in the property, as specified in the fourth paragraph, passed to the brothers and sisters of Elizabeth Goffe, viz.: Walter C. Goffe, Kate A. Goffe, and Charlotte E. Stratford; and in what proportions?

"3. Under the provisions of the sixth paragraph of said will, what if any effect upon both prior and subsequent gifts and devises to the said Charlotte E. Stratford, has the language, 'all reference to my daughter Charlotte E. Strat-

ford in this will to be left to the judgment of my executors?'

"4.  Under the provisions of the seventh paragraph of said will, what are the respective interests of the beneficiaries as therein named in the Washington Square Estate?

"5.  Under the provisions of the eighth paragraph of said will, is the respondent, Elizabeth Goffe, charged with the duty of applying the proceeds of any policies of insurance on the life of said Augustus Goffe, payable to her or to her and any other person or persons, to the discharge of any mortgage or mortgages outstanding on any of the real estate of said Augustus Goffe at the time of his decease?

"6.  Under the provisions of the tenth paragraph of said will, is the trust estate therein attempted to be created, valid; and if only partly valid, to what extent?   What if any effect has the language of said paragraph ten upon any gifts or devises made in the preceding paragraphs of said will?

"7.  Under the provisions of the eleventh paragraph of said will, to whom is addressed the permission to sell the Washington Square Estate, provided that by so doing the income can be increased?   In the event of any such sale, is the trust sought to be imposed upon the proceeds thereof valid; and if so, what are its terms?"

The first question for consideration is, do the executors take the Rhode Island Avenue real estate and the residue of the personal property in trust for the life of Elizabeth Goffe?

We think that it is clear from the fourth clause of the will that it was the intent of the testator that Elizabeth, his feeble-minded daughter, should have the benefit of the Rhode Island Avenue property and of the income from his personal estate.   It was competent for the testator to set apart, for the advantage of this daughter, such portion or portions of his estate as he saw fit.   In mentioning the personal property in this clause of the will the testator makes use of the words "and also the income from all personal property that I may possess."   There are no explicit words making a bequest of the personal property to the executors for the benefit of Elizabeth, but the bequest of the income therefrom

presupposes the setting apart, preservation, care, custody and investment of the principal sum, the collection and disbursement of the profit arising therefrom by some one in behalf and for the benefit of the *cestui que trust*. It has been held repeatedly as stated by this court in the case of *Greene v. Wilbur*, 15 R. I. 251, that a devise of the income or, what is equivalent, of the rents and profits or use and occupation of land, is, in legal effect, devise of the land itself. We see no reason for any distinction in this respect between real estate and personal property.

That the court must, in construing a will, scrutinize the instrument as a whole, together with the circumstances of the case and ascertain and give effect to the intent of the testator is too well settled to provoke argument.

We think that the testator intended that his daughter Elizabeth should have the benefit, during her life, of the Rhode Island Avenue property and the income from the residue of his personal estate.

In creating the trust for the benefit of his daughter Elizabeth, the testator, referring to his estate at the corner of Rhode Island Avenue and Broadway, makes use of the words, "for a home so long as she lives." The question arises from this language as to whether the executors are obligated to retain and devote this estate to the actual exclusive personal use and occupation of Elizabeth, or whether they may be permitted to make it more productive in some other way. It seems improbable that the testator should have intended to limit the use and occupancy of this estate to a daughter under disability, unable to care for herself, who might in the natural course of things be left without immediate relatives and come to need remunerated care which, with the expense of maintaining the house, might require more than the available income from the remaining portion of the trust estate. It is not however necessary to rely altogether upon probability to discern the testator's intent in this regard for we find him again alluding to this estate at the close of the seventh paragraph of his

will where he says, "I think you can manage the estate R. I. Avenue, to get quite an income from that" from which it becomes evident that the testator made use of the words "for a home so long as she lives" in a sense broader and beyond their literal meaning, and intending that that estate should be used in such a manner as would best provide or contribute to a home for Elizabeth.

(4)     The first sentence of the fifth paragraph of the will provides that upon the decease of Elizabeth her interest in the estate of the testator should pass to her brother and sisters. The interest of Elizabeth is the life estate in trust, covered by the preceding paragraph, which necessarily would terminate upon her decease.   It is quite evident however that it was the intent of the testator that upon the termination of the life estate of Elizabeth the property encumbered thereby should, following the usual and ordinary course of disposition under such circumstances, pass to the remaining children of the testator, Walter C. Goffe, Kate A. Goffe and Charlotte E. Stratford as tenants in common.   The words "her interest in my estate" appearing in the phrase "at the decease of said Elizabeth her interest in my estate to her brother and sisters" were obviously used by the testator to indicate or describe that portion of his estate which he had set aside for the benefit of Elizabeth during her life.   Similar language has been construed by this court in the case of *Pierce* v. *Pierce*, 14 R. I. 514, to denote the property and portions given.

It is evident that Walter C. Goffe, Kate A. Goffe and Charlotte E. Stratford stand in the position of vested remaindermen and that upon the death of Elizabeth they would take an absolute interest in that portion of the personal estate, which had been previously embraced in the life estate of Elizabeth, unless some different intention or manifestation is clearly expressed in some other and later portion of the will.   The other portions of the will do not furnish for discussion any change of disposition or revocation except perhaps in the case of Charlotte E. Stratford which will be

referred to later in discussing the sixth paragraph of the will.

In regard to the real estate referred to in the fifth paragraph of the will the statute provides—Gen. Laws of R. I., Chap. 254, § 14—that, "Whenever any real estate shall be devised without words of limitation, such devise shall be construed to pass the fee-simple or other the whole estate or interest which the testator had power to dispose of by will in such real estate, unless a contrary intention shall appear by the will." Consequently the devise in the fifth paragraph of the will must be construed to pass an estate in fee simple unless a contrary intention appears in some other portion of the instrument. Whether or not such contrary intention is manifested depends upon the meaning to be given to the tenth paragraph which will be discussed later.

(2) So far as the concluding sentence of paragraph five is concerned providing that upon the marriage of Kate A. Goffe, one-half of her income should go to Walter C. and Elizabeth it does not demand any extended discussion. The defeasance amounts to an illegal limitation and is inoperative as a restraint upon marriage which is contrary to the policy of the law and renders the provision void. *Otis* v. *Prince*, 10 Gray, 581; *Smythe* v. *Smythe*, 90 Va. 638; *Williams* v. *Cowden*, 13 Mo. 211.

The sixth section of the will is in these words: "All the reference to my daughter, Charlotte E. Stratford, in this will to be left to the judgment of my executors. I want mother to help Lottie all she can from her income." The purpose of this paragraph is not clear and it is difficult, if not impossible, to discover what the testator intended it to accomplish when it is viewed in the light of the preceding provisions of the will. A valid testamentary disposition to Charlotte having already been made and the subsequent expression above quoted being vague and devoid of any construction which would bring it into harmony with anything that has gone before, it must be held to be wholly nugatory. Besides if any effect could be given to the phraseology of this paragraph it would amount to vesting in the executors a

power to alter the will of the testator so far as the interest therein of Charlotte E. Stratford is concerned. The law upon this point is well stated in 30 Am. & Eng. Encyc. of Law 687, as follows: "It has become a settled rule of construction that when words of the will in the first instance distinctly indicate an intent to make a clear gift, such gift is not to be cut down by any subsequent provision which is ambiguous or inferential and which is not equally as distinct as the former; or the rule may be stated that a clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate an intention to cut it down." See, also, *Hodges* v. *Potter*, 12 R. I. 245; *Bailey* v. *Brown*, 19 R. I. 669; *In re Will of Henry C. Kimball*, 20 R. I. 619.

Referring to the seventh paragraph of the will which relates to the Washington Square Estate, it seems to us that it was the intention of the testator to charge that estate with the payment of the insurance, taxes, and expenses of the other estate on Rhode Island Avenue which is made a part of the life estate of his daughter Elizabeth. It would be natural that the testator should desire to make such provision for his daughter Elizabeth as would, under the circumstances of her disability, insure her a comfortable support beyond peradventure and that in so doing he might desire to enhance the amount available for this purpose by exonerating the Rhode Island Avenue property from the expenses before mentioned. The concluding portion of the paragraph expressive of the opinion of the testator that the Rhode Island Avenue property could be managed so as to derive an income therefrom does not seem to us to have any important bearing upon this point, but is vaguely indicative of the opinion of the testator that the provision made for his daughter Elizabeth could be made ample for her needs. The paragraph does not contain any mention of trustees nor does it confer upon any person; standing in the position of a trustee, any power or impose the discharge of any duty in respect to that property. We think that the language of this paragraph indicates the intention to create a legal and not an equitable estate in the

Washington Square property and that an undivided half interest was given to Kate A. Goffe and an undivided eighth interest to Elizabeth Goffe; and that in the case of the devises to Walter C. Goffe and Charlotte E. Stratford they would take respectively one-eighth undivided interest and one-fourth undivided interest for their respective lives, and that upon their decease such interest would pass to their children.

We must next determine the quantity and extent of the interests to be taken by Kate A. and Elizabeth Goffe and the children of Walter C. Goffe and Charlotte E. Stratford, in view of there being no words of limitation employed in connection with such devises. In the absence of such technical words indicating that the devises given to them are in fee simple, we come again to consider the operation of Section 14, Chapter 254, *supra,* and to determine whether estates in fee simple were intended, or whether a contrary intention appears in the will. If there is any such contrary intention, it must be found in the tenth paragraph of the will which provides that after the decease of the testator's four children, the real estate should pass to a trustee who should take care of the property for his grandchildren, share and share alike, and after them, for their children. The language of this tenth paragraph seems to be in conflict with the provisions of the prior paragraphs five and seven. The testator in this paragraph has made use of the general term, "my real estate" of which he had only two parcels, the one the Washington Square Estate and the other the Rhode Island Avenue Estate. In order to give effect and give validity to paragraph ten, the estates created by paragraphs five and seven, both present and in remainder, must be held to be but life estates. This paragraph ten seems to afford the "contrary intention" provided for in Section 14 of Chapter 254, *supra.* There is undoubtedly an irreconcilable conflict between paragraph ten and paragraphs five and seven and under such a condition the later clause must prevail upon the theory that it is the latest expression of the

testator's intention.    40 Cyc. 1417; *Frelinghuysen* v. *N. Y. Life Ins. & T. Co.*, 31 R. I. 150.    We think it is clear from paragraph ten that the testator intended to create a trust and that the words which he has made use of are sufficient for that purpose.    It is not material that he failed to designate a trustee.    Equity will not permit a trust to fail for want of a trustee, but may appoint a trustee or assume the administration of the trust.    39 Cyc. 277.    The limitation in clause ten to the testator's grandchildren is valid since the number of grandchildren must be ascertained at the death of the testator's children and all his children must be begotten before his death; but a limitation to the great-grandchildren of a living person is bad because children may be born to such children after the limitation is created and children to the second generation may be born to these children more than twenty-one years after the death of the persons in being when the limitation was created.    It therefore becomes evident that the attempted devise in trust by the testator for the benefit of his great-grandchildren is void as being in violation of the rule against perpetuities. 30 Cyc. 1485 *et seq.*; Gray's Rule against Perpetuities (3d ed.) Sec. 370; *Angell* v. *Angell*, 28 R. I. 592; *Minot* v. *Doggett*, 190 Mass. 435; *Nevitt* v. *Woodburn*, 190 Ill. 283; *Andrews* v. *Rice*, 53 Conn. 566; *Woodruff* v. *Cook*, 61 N. Y. 638.

There is of course the additional question whether a devise in trust, a part of which is invalid, can be sustained as to the valid portion thereof.    That is to say, that the trust to the testator's great-grandchildren being void as in violation of the rule against perpetuities, is the trust to the children and grandchildren also made invalid thereby.    The law upon this point is stated in Gray's Rule against Perpetuities (3d ed.) Secs. 247 and 248, as follows:    "If future interests created by an instrument are avoided by the rule against perpetuities, the prior interests become what they would have been had the limitation to the future estates been omitted from the instrument."    Furthermore, "if the devise of a

future interest is void for remoteness, but the prior devise is for life only or other limited life, remainder to the unborn child of such unborn child—the property after the termination of the prior interest goes to the person to whom property which has been invalidly devised or bequeathed goes. This person is generally the heir in case of realty, and the residuary legatee in case of personalty." *Manierre* v. *Welling*, 32 R. I. 104; *Andrews* v. *Rice*, 53 Conn. 566; *Tongue's Lessee* v. *Nutwell*, 13 Md. 415; *Deford* v. *Deford*, 36 Md. 168; *Loyd* v. *Loyd*, 102 Va. 519; *Hayden* v. *Stoughton*, 5 Pickering, 528.

Upon these authorities we are borne to the conclusion that the devise in trust is valid so far as the grandchildren are concerned and that the remainder of the estate will pass to the heirs at law of the testator and that said heirs will take a vested legal estate in remainder by operation of the Statute of Uses. *Darling* v. *Witherbee*, 36 R. I. 459.

(9) The final paragraph of the will, which we are asked to consider, numbered eleven, is as follows: "You have my permission to sell the Washington Square Estate, if you can add to your income by so doing, the funds to go into a trust fund." While this language is vague, equivalent testamentary expressions have been passed upon and construed by this court and held to be sufficient to authorize a sale of the property by the executors of the will. *Wood* v. *Hammond*, 16 R. I. 98; *Myers* v. *Cady*, 22 R. I. 549. The executors therefore have authority to sell the Washington Square Estate if by so doing a greater income can be secured. The authority to sell is simply permissive. It does not impose upon the executors any duty to sell. In the event that a greater income could be secured a sale might not, for other reasons, be expedient. Whether or not it would be desirable to sell, although an increase of income was assured by such sale, or whether or not a sale would in fact bring about an increase of income, are questions which must be left to the decision of the executors acting in good faith and in the exercise of their best judgment. In case the estate is sold the proceeds must pass into a trust under which they will

be cared for, preserved and invested and the income disposed of in the same manner, in the same proportions and to the same parties who would have been entitled to such income had the estate remained unsold following, so far as valid, the limitation of paragraph ten. It seems to us that it was clearly the intent of the testator, as we gather it from the whole instrument, to impress the fund derived from a sale of the Washington Square Estate, in case such a sale should be made, with a trust: that the desirability of increasing the income by a sale should be left to the judgment of the executors, and that the testator's children and grandchildren should enjoy the same proportionate benefit and advantage from the trust fund thus established that would have accrued to them had the income continued to proceed directly from the realty.

In view of the foregoing conclusions which we have reached we answer the questions propounded by the complainants' bill as follows:

1. That under provisions of paragraph four of said will the executors take the Rhode Island Avenue property with the residue of the testator's personal estate in trust for the life of Elizabeth Goffe.

2. That upon the decease of Elizabeth Goffe, Walter C. Goffe, Kate A. Goffe and Charlotte E. Stratford take legal life estates in said real estate. They also take absolute estates in the residue of the testator's personal property.

3. That the provisions of paragraph six are inoperative and in no way affect bequests or devises made in said will to Charlotte E. Stratford.

4. That the children of the testator take legal estates for life in the Washington Square Estate in the following proportions: one-half to Kate A. Goffe; one-quarter to Walter C. and Elizabeth Goffe; and one quarter to Charlotte E. Stratford.

5. Withdrawn by complainants.

6. That upon the decease of all the testator's children, his real estate passes to a trustee—to be appointed—in trust

for the testator's grandchildren and upon their death to his lawful heirs in fee, discharged of the trust.

7. That the executors are empowered to sell the Washington Square Estate if the income can be increased by so doing.

8. That in the event of such sale by the executors, the proceeds derived therefrom, standing in the place of the reality, are impressed with a trust, the income to be enjoyed in the first instance by the testator's children in the pro‧portions specified in paragraph seven, and thereafter by the testator's grandchildren in accordance with the terms of paragraph ten so far as the same are valid and subject to the charges for the benefit of the life estate of Elizabeth.

The complainants may present a decree to this court in accordance with this opinion.

*Henry P. Eldredge, Jr.,* for complainant.

*Boss & Barnefield,* for respondent.