R. I. HOSPITAL TRUST COMPANY AND UNION TRUST COMPANY *v.* LOUISE L. PECK ET AL.

JULY 6, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ

*(1)   Wills.   Trusts.   Rule Against Perpetuities.*
By will testator created a trust fund, and provided that during its continuance the trustee should " pay out from the then trust funds (including accumulations of income as well as the then *corpus* of the estate) at the rate of $7000 per year until the principal or *corpus* of said trust estate as well as all accumulations of income have been exhausted."
" During the lifetime of my wife, if she survives me, she is to receive the same fractional share of each of said payments as would be payable to her upon an equal division of said payments between herself and my children living or represented by living issue at the time of such payments respectively. And if my wife survives me and at my death or at any time during her life neither of my children nor any issue of theirs is surviving, the whole of said payments shall be made to her as they respectively become due and payable during the term of her life."
"At all times during the continuance of these trusts the child, children or descendants living at the time, of any child of mine that has previously deceased are to receive (per stirpes) the share of income that would have been payable to such child of mine under this will if such child was then living. . . . From and after my decease, if I survive my wife, the whole of said payments as they become payable shall be paid to the same persons that would inherit real estate from me under the present laws of the state of Rhode Island had I then died intestate and in the same proportions that they would inherit such real estate from me."

"And from and after the decease of my wife if she survives me, the residue of said payments not due and payable to her as aforesaid shall be paid to the same persons that would inherit real estate from me under the present laws of the state of Rhode Island had I then died intestate and in the same proportions that they would inherit such real estate from me."

*Held*, that the intent of testator was that the trust should continue after the death of the survivor of himself and his wife, and not to make an absolute gift of the principal or income, but only of the payments *as they became payable*, to persons who answered the description given, at the time of each payment, and such provision for the payment of fixed sums each year for an indefinite period to such persons as should from time to time answer a certain description, was in violation of the Rule Against Perpetuities.

*Held*, further, that during the life of the wife, the trust was valid, and the children during the life of the mother were entitled to share equally in the payments, and in the event of the death of any child, in the lifetime of the mother, the children or descendants of such deceased child would take the share of the payments that would have been payable to the parent, and if any of the testator's children deceased, leaving no issue surviving in this period, the payments to the wife and surviving children would be increased and divided equally, and in the event of the death of all of testator's children without issue surviving during the life of the wife, the wife would take the total of all payments.

*Held*, further, that upon the death of the wife there was a gift to a class which included persons who might not be ascertained until after a life in being and twenty-one years afterward, and such gift was void under the rule that a gift to a class is void unless the whole class must be ascertainable within the period allowed by the rule against perpetuities, and therefore the testator's children took nothing under this clause, and the entire limitation after the decease of the wife was void.

*Held*, further, that the trust being valid during the life of the wife, and the bequest to the heirs being void, the trust estate would pass under the residuary clause of the will into the residue.

*Held*, further, that the surplus income should be retained in the trust funds until the termination of the trust at the death of the wife, the reference to accumulations and the inclusion thereof in the trust fund being incidental to the main purpose of the will, that the trustees should have $7,000 a year to distribute, and the intention being clear that the wife should have no more than her proportionate part of the $7,000 annually during her life, and that nothing except the $7,000 a year should be taken out of this fund, including the accumulations, until her death.

Bill in Equity for construction of will. Certified under Gen. Laws 1909, cap. 289, § 35.

Stearns, J.    This is a suit in equity praying for the construction of the will of Walter A. Peck, who died in 1901, brought by Rhode Island Hospital Trust Company and Union Trust Company, trustees severally named in said will, against Louise L. Peck, widow of said Walter A. Peck and executrix of the will, the three children and ten grandchildren of said Walter A. Peck, who are the only descendants of said testator.    The cause being ready for final hearing was certified to this court in accordance with Chap. 289, Sec. 35, Gen. Laws of R. I.

By his will the testator gave to each of the complainants the sum of $200,000 to be held in trust upon identical trusts.    The only directions given to the trustees in regard to the distribution of the income arising from the trust estates, the termination of the trusts or the final disposition of the corpus of the trust estates are as follows:

" The trustee for the time being shall from time to time as often as once in each six months during the continuance of this trust pay out from the then trust funds and property (including accumulations of income as well as the then corpus of the estate) at the rate of seven thousand dollars ($7,000) per year until the principal or corpus of said trust estate and property as well as all accumulations of income have been exhausted.

" During the lifetime of my wife if she survives me, she is to receive the same fractional share of each of said payments as would be payable to her upon an equal division of said payments between herself and my children living or represented by living issue at the time of such payments respectively.    For example, if my family consists of its present members, one-fourth (¼) to her, but if at my death or at any time during the term of her life either of my children should die leaving no issue surviving or the issue of any deceased child should all die, the fractional share of my wife is to be increased, from and

after such occurrence to make her payments equal to that of each of my children then living. And if my wife survives me, and at my death or at any time during her life neither of my children nor any issue of theirs is surviving, the whole of said payments shall be made to her as they respectively become due and payable during the term of her life.

" At all times during the continuance of these trusts the child, children or descendants living at the time, of any child of mine that has previously deceased are to receive (per stirpes) the share of income that would have been payable to such child of mine under this will if such child was then living, and I expressly include in all the provisions of this will any child or children of mine hereafter born whether in my life time or not as well as my children now living. From and after my decease if I survive my wife, the whole of said payments as they become payable shall be paid to the same persons that would inherit real estate from me under the present laws of the state of Rhode Island had I then died intestate and in the same proportions that they would inherit such real estate from me.

" And from and after the decease of my wife if she survives me, the residue of said payments not due and payable to her as aforesaid shall be paid to the same persons that would inherit real estate from me under the present laws of the state of Rhode Island had I then died intestate, and in the same proportions that they would inherit such real estate from me."

The trustees have paid out of each trust estate the sum of seven thousand dollars ($7,000) each year, one-fourth thereof to Louise L. Peck, the widow, and one-fourth thereof to each of the testator's children. Such annual payments have not exhausted the income received by the complainants respectively from the trust funds and each of the complainants now holds a considerable sum of

money representing accumulations of income which are not at the present time required to make the annual payments.

The questions submitted may be stated as follows:

I.   What disposition shall be made of the accumulated income now in the hands of the complainant trustees?

II.   What disposition shall be made of the further income and the corpus of the estate.

A.   During the lifetime of Louise L. Peck?

B.   After the death of said Louise L. Peck?

(1)   The answers to these questions are dependent upon the intention of the testator as expressed in his will except so far as his intention so expressed may be found to be contrary to the Rule Against Perpetuities.   The method to be followed in the application of this Rule is stated as follows in Gray in Sec. 629, 3d Edition, " The Rule Against Perpetuities: "   " The Rule Against Perpetuities is not a rule of construction, but a peremptory command of law.   It is not, like a rule of construction, a test, more or less artificial, to determine intention.   Its object is to defeat intention.   Therefore every provision in a will or settlement is to be construed as if the Rule did not exist, and then to the provision so construed the Rule is to be remorselessly applied."

What was the testator's intention as expressed in his will?   The trust provision is unusual.   The trustee is directed to " pay out from the then trust funds and property (including accumulations of income as well as the then corpus of the estate) at the rate of seven thousand dollars ($7,000) per year until the principal or corpus of said trust estate and property as well as all accumulations of income have been exhausted."   This is the only indication in the will of any attempt to fix definitely the termination of the trust.   There is no direction for the payment or transfer of the corpus of the estate as distinguished from the income.

The intention of the testator that the trust should continue during the life of his wife is clear; that it should not terminate at the time of her death or at his death, if he should survive his wife, is also apparent from the clauses *supra*.  If he survives his wife, the gift is of " the whole of said payments," and if his wife survives him the gift after her death is of " the residue of said payments not due and payable to her."  But in the clause providing for his surviving his wife these " payments " are further defined by the addition, " as they become payable."  In each case the gift over is " to the same persons that would inherit real estate from me under the present laws of the state of Rhode Island had I then died intestate."

It seems to be clear that the testator intended that the payments of $7,000 per year from each trust should continue after the death of the survivor of himself and his wife, and that they should be made to those persons who would be entitled to inherit real estate from him at the several times when the payments are made.  The intent at this time is not to make an absolute gift of the principal or the income, but only of the payments *as they become payable* to persons who answer the description given, at the time of each payment.  The law is well settled that a provision, as in this case, for the payments of fixed sums each year for an indefinite period to such persons as shall from time to time answer a certain description, is in violation of the Rule Against Perpetuities. *Williams* v. *Herrick,* 19 R. I. 197.  The effect on prior limitations of an attempt to create interests which are too remote is stated by Gray, cited above, in § 247, as follows:  " If future interests created by any instrument are avoided by the Rule Against Perpetuities, the prior interests become what they would have been had the limitation of the future estates been omitted from the instrument."  See also *Goffe* v. *Goffe,* 37 R. I. 542.  At what

time then do the interests in these trust payments become too remote? It is clear that the testator's intention that the payments should continue during the life of the wife can be carried out and that the trust up to the time of the decease of the wife is valid. We also are of the opinion that the children during the life of their mother are entitled to share equally in the payments and in the event of the death of any child, in the lifetime of the mother, the children or descendants of such deceased child will take the share of the payments that would have been payable to the parent; if any of the testator's children should die, leaving no issue surviving, in this period, to wit, during the life of the wife, the payments to the wife and surviving children would be increased and divided equally as provided for in the will; and in the event of the death of all of testator's children without issue surviving, during the life of the wife, the wife would then take the total of all the payments.

Coming now to the time of the death of the wife, said Louise L. Peck, we find a gift of the residue of said payments as they become due for the benefit of a class composed of the persons who answer the description of his heirs at law, which is to continue indefinitely as long as any of his children or their descendants are living. There is no distinct and separate gift to the testator's children as such. Inasmuch as this gift is to a class which includes persons who might not be ascertained until after a life in being and twenty-one years afterward, it is void under the rule that a gift to a class is void unless the whole class must be ascertainable within the period allowed by the Rule. *In re Bence,* 3 Ch. Div. L. R. 242 (1891); *In re Hancock,* 1 Ch. Div. L. R. 482 (1901); *Siedler* v. *Syms,* 56 N. J. Eq. 275.

In the cases cited *supra,* the courts recognize and affirm the well-established rule quoted with approval by the court in the *Syms* case, *supra,* at p. 279: "When a testa-

tor has made a general bequest embracing a great number of possible objects, there is no authority for holding that a court can so mould it as to say that it is divisible into two classes, the one embracing the lawful and the other the unlawful objects of his bounty.'' Applying this rule to the case before us, it is plain that the testator's children take nothing under this clause, and that the entire limitation after the decease of the wife is void. The trust is valid during the life of the wife, and as the bequest to the heirs is void the property held in trust by the trustees will pass under the residuary clause of the will quoted above into the residue, and will then belong to the estate of Mrs. Peck. In Gray, *supra,* in the footnote at bottom of page 230, after citing authorities, the author says: '' There is no question that personal property included in a void bequest goes to the residuary legatee.'' See also *Woodward* v. *Congdon,* 34 R. I. 316.

In regard to the surplus income we are of the opinion that this should be retained in the trust funds until the termination of the trust at the death of Louise L. Peck. There are no instructions to the trustees to accumulate. The intention of the testator is to make sure that the trustees shall have $7,000 a year to distribute and the reference to accumulations and the inclusion thereof in the trust fund are incidental to the main purpose of the testator as above mentioned. At the time when the will was made the income from trust funds was considerably less than it is to-day. The trustees were given broad powers in the management of the trusts and the change of investments. The testator undoubtedly had in mind the possibility of loss from the use of these powers by the trustees, in which event he evidently meant that the corpus of the trust and accumulations of income, if any, should be used by the trustees for the payments. It is true that the accumulations of income are now considerable, but it is not at all certain that the time may not come

during the life of the trust, when these accumulations, or part of them, may be required to continue the payments.

The testator's intention in this respect seems to us to be clear, that his wife should have no more than her proportionate part of the $7,000 annually during her life and that nothing except the $7,000 a year should be taken out of this fund including the accumulations until her death.

Having answered the questions submitted to us the parties may present a form of decree in accordance with this opinion for approval by this court and entry by the Superior Court.

*Gardner, Pirce & Thornley, James C. Collins,* for complainants.

*William R. Tillinghast, Everitte S. Chaffee, Frederick A. Jones,* for respondents.