RHODE ISLAND HOSPITAL TRUST CO., TRUSTEE *vs.* WILLIAM N. GRANGER *et al.*

JUNE 11, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This bill in equity is brought by the substituted trustee under the will of Daniel L. D. Granger, late

of Providence, deceased, praying for the construction of a portion of said will and codicil and instructions relative thereto. Complainant is also trustee under a preliminary trust agreement made by William N. Granger and Gretchen Granger, his wife, acknowledged December 19, 1929, and trustee under a trust agreement made by them dated January 30, 1930.

All parties interested in the questions presented by the bill have been made respondents. A guardian *ad litem* has been appointed to represent the minor respondent and the contingent interests of all persons not in being or not ascertainable.

The case being ready for hearing for final decree upon bill and answers has been certified to this court for determination as required by G. L., 1923, C. 339, s. 35.

It appears in the bill that Daniel L. D. Granger, of Providence, died February 14, 1909, leaving a last will and codicil which was duly admitted to probate by the probate court of said city.

By the sixth item of his will he devised and bequeathed his residuary estate to trustees to pay the income therefrom to his sister Grace Granger for and during her life. By a codicil the testator directed that the trust should not cease as to the one-half portion thereof which he had directed by his will should be paid to his brother, William D. Granger, but should continue during the life of said William and of his children and until the issue of said children should become 21 years of age, when said trust should cease and said one half portion should be paid over to such issue then living. The testator directed that, after his said sister's death, his said brother William should be the beneficiary under said trust and his children or their issue after his death until said trust should terminate.

Grace Granger, the life beneficiary, died testate in 1929. Her executor has filed an answer in which he claims that the provision contained in said codicil, which provided for a continuation of said trust after the decease of said Grace Gran-

ger and until the issue of the children of William D. Granger should become 21 years of age, was void as being in contravention of the rule against perpetuities and that as executor of the will of Grace Granger he is entitled to receive one-half of said trust estate.

Said William D. Granger died in 1922, leaving a daughter Grace Granger Kitching, who died intestate and without issue in 1927, and a son William N. Granger. William N. Granger is the only heir and next of kin of his deceased sister and they were the residuary legatees under the will of their father, William D. Granger. They were also the only next of kin of said Grace Granger. William N. Granger has a wife named Gretchen, and they have a daughter named Grace Louise who was born April 5, 1922. Said William N. Granger and wife have filed a joint and several answer in which they claim that William N. Granger is now entitled to said trust estate discharged of said trust; that they are not bound by the preliminary trust deed and the trust deed executed by them, and also that said William N. Granger, as the sole heir and next of kin of said Daniel L. D. Granger, is entitled to receive the remainder of his estate as intestate estate.

The guardian *ad litem* of said Grace Louise Granger has filed an answer in behalf of his ward submitting her interests to the care of the court.

The bill and answers present a question as to the validity of the provision contained in said codicil which directed the continuation of said trust. Another question presented is whether said William N. Granger is now entitled to receive said trust property discharged of said trust or whether said complainant should continue to hold said trust property under either of said trust deeds made by said William N. Granger.

All of the parties agree that the provisions in the codicil which attempts to prolong the trust until the issue of the children of William D. Granger should become 21 years of age are invalid as being in contravention of the rule against

perpetuities.   This rule is usually stated as prohibiting the creation of future interests or estates which by possibility may not become vested within a life or lives in being and twenty-one years together with the period of gestation when the inclusion of the latter is necessary to cover cases of posthumous births.   21 R. C. L. 282.

The determination of the question of the remoteness of the vesting of the estate depends on the facts existing at the time of the testator's death, February 14, 1909.   These facts are:  The testator's nephew, William N. Granger, had no children until 1922, when his daughter Grace was born. Other children might be born to him.   These children might have children born more than twenty-one years after his decease.   The testator provided that the trust should continue until the issue of the children of said William D. Granger should become 21 years of age.   This provision clearly attempts to create future interests or estates in the possible grandchildren of William D. Granger which might not become vested in interest during his life or within twenty-one years after his decease.   In *Goffe* v. *Goffe*, 37 R. I. 542, 554, it was held that a limitation to the great-grandchildren of a living person was bad because children might be born to such children after the limitation was created and children to the second generation might be born to these children more than twenty-one years after the death of the persons in being when the limitation was created, and hence the attempted devise in trust by the testator for the benefit of his great-grandchildren was void as being in violation of the rule against perpetuities.

Under this authority and the facts in the case it is clear that the portion of the codicil which attempts to make a gift over to the grandchildren of William D. Granger is void as being in violation of the rule against perpetuities.

In *Goffe* v. *Goffe, supra,* at page 554, it is also held that, although the portion of the trust for the testator's great-grandchildren was void, the portion of the trust for his children and grandchildren was valid.   After considering

the authorities, the court held that the remainder of the estate would pass to the heirs at law of the testator and that his heirs took a vested legal estate in remainder by operation of the Statute of Uses. See also *Rhode Island Hospital Trust Co. et al.* v. *Peck et al.*, 40 R. I. 519; 21 R. C. L. 323; 48 C. J. 975.

The solicitor for William N. Granger contends that even though the trust for the life of his client is valid the trust would terminate at his death and his heirs would take a vested interest in the remainder by virtue of the Statute of Uses and consequently he is entitled to the immediate conveyance of the trust estate. William N. Granger is estopped from claiming any part of the trust estate because on the 19th day of December, 1929, he executed a preliminary trust agreement by which he assigned all of his interest in the estates of Daniel L. D. Granger and Grace Granger to the complainant as trustee for the benefit of certain creditors and instructed the trustee to hold the residue of said assigned interests in trust to pay the income arising therefrom to his wife during her life and, upon her death, to pay the entire residue to his issue. This trust agreement contained no provision authorizing its revocation, alteration or amendment and consequently Mr. Granger is bound by its terms.

For the reasons stated we are of the opinion that the trust for the benefit of William N. Granger is valid and the complainant is instructed to hold said trust property under the trust created by said codicil for the benefit of the beneficiaries named in the trust agreement made by said William N. Granger to said complainant dated December 19, 1929. Upon the decease of said William N. Granger the complainant is instructed to deliver one-half part of said trust property to the executor of the will of Grace Granger and to dispose of the other half in accordance with the terms of said trust agreement executed by said William N. Granger and wife December 19, 1929.

June 17, 1931, the parties may present to this court a form of decree in accordance with this opinion to be entered in the Superior Court.

*Tillinghast & Collins, Harold E. Staples,* for complainant.
*Lewis A. Waterman,* for respondents Granger.
*Littlefield, Otis & Knowles* for respondent, Littlefield, Ex.
*Stephen D. Paddock,* guardian *ad litem, pro se.*