EMMA F. TEMPLE et al., Respondents, *v.* WILLIAM D. SAMMIS, Appellant.

The will of F., after a devise of a house and lot to his wife for life, contained this clause : "Upon her decease I give and devise the same absolutely to my daughters Emma and Virginia." The residuary clause in the will was as follows : " All the rest of my real estate, subject to the dower of my wife, I give and bequeath to my said daughters, in equal shares, the same, and all other property, given and devised to them, to be to their sole and separate use, free from the debts, engagements, and control of any husband; to have and to hold for, and during the period of their respective natural lives," etc. *Held*, that the daughters took estates in fee simple in the house and lot, limited upon the death of their mother ; that the words " and all other property given and devised to them," were intended only to connect with the declaration that the daughters should take to their separate use, thus applying this direction to all the property given them ; and that the *habendum* for life which followed only applied to the residuary estate.

(Argued December 2, 1884 ; decided December 16, 1884.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

November 6, 1882, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term. (Reported below, 16 J. & S. 324.)

This action was brought to compel a specific performance by defendant of a contract to purchase certain premises known as lot No. 13 West Thirty-second street, in the city of New York. Defendant refused to complete the contract because of an alleged defect in the title.

Plaintiffs were daughters of Pierre K. Francis, late of said city, and claimed title under the will of their father, the material portions of which are as follows :

" I give and devise unto my wife, Rosalie, the lot of ground and house thereon in Thirty-second street, city of New York, wherein I now reside, with all the furniture, fixtures and ornaments, to have and to hold unto her for, and during the period of her natural life, and upon her decease I give and devise the same absolutely to my daughters, Emma and Virginia share and share alike.

" All the rest of my real estate, subject to the dower of my wife, I give and bequeath to my said two daughters in equal shares, the same, and all other property given and devised to them to be their sole and separate use, free from the debts, engagements and control of any husband ; to have and to hold for and during the period of their respective natural lives."

Mrs. Francis died prior to the execution of the contract.

*John H. Cole* for appellant. The court will not decree specific performance if there is a reasonable doubt of the title. (*Jordan* v. *Poillon,* 77 N. Y. 518 ; *Hinkley* v. *Smith,* 51 id. 21, 25 ; *Wilson* v. *Holden,* 16 Abb. Pr. 133 ; *McCahill* v. *Hamilton,* 20 Hun, 388 ; *Lee* v. *Lee,* 27 id. 1 ; Abb. Trial Ev. 713, 731.) The plaintiffs have only a life estate in the property described in the complaint and cannot therefore make the title in fee to the defendant according to their contract. (*Sims* v. *Doughty,* 5 Ves. 247 ; *Williamson* v. *Daniel,* 12 Wheat. [U. S. Sup. Ct.] 568 ; *Smith* v. *Bell,* 6 Peters [U. S. Sup.Ct.], 68 ; *Covenhoven* v. *Schuler* ; 2 Paige, 122 ; *Bradstreet*

v. *Clarke*, 12 Wend. 602; *Mason* v. *Jones*, 2 Barb. 299; *Chrystie* v. *Phyfe*, 19 N. Y. 344; *Terry* v. *Wiggins*, 47 id. 512; *Taggart* v. *Murray*, 53 id. 233; *Coll* v. *Heard*, 10 Hun, 189; *Van Nostrand* v. *Moore*, 52 N. Y. 12; 2 Redf. on Wills, 19; Jarman's Rule 17; 1 Redf. on Wills, 32; Jarman's Rule 7; *Parks* v. *Parks*, 9 Paige, 124; 1 Coke's Inst. 112.) The construction of this will, as contended for by the defendant, does not infringe the statutory rule, limiting the period of the suspension of the absolute power of alienation, so as to work a virtual intestacy and thus make a title in fee in these plaintiffs by descent. (*Tucker* v. *Bishop*, 16 N. Y. 402; *Savage* v. *Burnham*, 17 id. 561; *Everitt* v. *Everitt*, 29 id. 39; *Stevenson* v. *Leslie*, 70 id. 512; *Monarque* v. *Monarque*, 80 id. 320; R. S. [6th ed.] 1102. § 17, 1104; Gerard's Titles on Real Estate [2d ed.], 320.)

*George Zabriskie* for respondents. The devise in fee will not be cut down to a less estate, by expressions occurring later in a will, unless the language so clearly expresses that intention that it will admit of no other construction. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Clark* v. *Leupp*, 88 id. 228; *Thornhill* v. *Hall*, 2 Cl. & Fin. 22; Jarm. on Wills, rule 12.) If a limitation over, after an absolute gift, be attempted, it will be rejected as void. (*Campbell* v. *Beaumont*, 91 N. Y. 464.) In the construction of a will, the first resort is, in all cases, to the natural signification of the words employed, in the order and grammatical arrangement in which the framers of the instrument have placed them. (*Newell* v. *People*, 7 N. Y. 97; *McCluskey* v. *Cromwell*, 11 id. 601.) The rule, that where an irreconcilable repugnancy exists between two different limitations of the same estate, the court will sometimes construe the will by rejecting the earlier limitation altogether, and adopting the later, is only resorted to for the saving of one of the limitations, where otherwise neither could be sustained. (*Roseboom* v. *Roseboom*, 81 N. Y. 356.) On the theory of the defendant, there are three successive life estates; which render the devise void, because it is not valid in every possible con-

tingency. (*Schettler* v. *Smith*, 41 N. Y. 328.) The court will not assume that the testator intended to devise his real estate in such a way as to be obnoxious to any rule of law, and if, of two possible constructions, one would offend against some rule, and the other would not offend against any, the latter will be adopted. (Jarm. on Wills, rule 14 ; *Post* v. *Hover*, 33 N. Y. 593.) If the remainder devised by the will be contingent, the whole devise is void. (*Purdy* v. *Hoyt*, 92 N. Y. 446.)

RAPALLO, J. We are clearly of opinion that under the will of Pierre K. Francis, deceased, his daughters Emma and Virginia took estates in remainder, in fee simple, in the house and lot in Thirty-second street, limited upon the death of the testator's wife, to whom a life estate was given.

All the residue of the testator's real estate he devised, subject to the dower of his wife, to his two above-named daughters for life, for their separate use, free from the control of their husbands, with remainder to their issue. The interjection in this devise of the residue, of the words, "and all other property given and devised to them," is parenthetical. Those words are intended to connect only with the declaration that the daughters are to take to their separate use, and to apply this direction to all the property given them, including the Thirty-second street house. The habendum for life, etc., which follows, is applicable only to the residuary estate devised in the second clause, and not to the devise of the house and lot, in the first clause, which is therein expressly declared to be given absolutely, that is, in fee.

This construction brings all the provisions of the will into accord, and accomplishes what the testator evidently intended.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.