WALTER COLES CABELL, Ex. *et al.* for an Opinion.

APRIL 15, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This petition for the construction of the will of Clara A. Pinniger, late of Newport, is brought by all of the parties having adversary interests in a certain question arising under the construction of said will and they have agreed in stating such question in the form of a special

case for the opinion of this court under authority of Section (4953), General Laws 1923.

Clara A. Pinniger died at Newport, April 17, 1923, and her will was duly admitted to probate in that city May 7, 1923.

It is agreed that at the time of her death she was the owner of one hundred shares (one-third interest) of the capital stock of the Pinniger and Manchester Company; that the par value of said stock was $100 per share; that the annual income therefrom is about thirty per cent. She disposed of this stock by her will as follows: "Second: My interest in the Pinniger and Manchester Co. said interest being one-third thereof, and whether represented by shares of stock or otherwise, I give and bequeath to my executors, in trust, hereinafter named, to receive the dividends and income arising therefrom and to pay over the same in regular installments to my mother, Mary A. Atkinson, during her life, and upon the death of my mother, I give and bequeath a two thousand dollar par value interest thereof to John Dawley."

"Fourth: The remaining eight thousand dollars worth of my share or interest in the Pinniger & Manchester Co. shall be paid over by my executors within one year after the date of my death, as follows: Four thousand dollars each to Mr. William H. Clarke and Mr. Bradford Sherman, giving to each of them the right to buy the same at par and in the event that either of them refuse to purchase the same at par within thirty days as aforesaid, then said interest shall fall into the residue of my estate and in the event that either of them shall purchase the same, then the proceeds from said sale shall fall into the residue of my estate."

Messrs. Clarke and Sherman on the 16th day of August, 1923, gave written notice to the executors of said will that they wished to purchase the stock mentioned in said fourth clause and demanded delivery of the same within one year after the death of the testatrix. Upon this notice and demand being made the following question has arisen,—

"At what time are Clarke and Sherman entitled to have said shares of stock transferred to them; within one year from the date of the death of said Clara A. Pinniger, or only upon the death of said Mary A. Atkinson?" By the terms of said fourth clause if Messrs. Clarke and Sherman refused to purchase the remainder of said stock it fell into the residue of the estate; but if they purchased it the proceeds of its sale fell into the residue. The residue of the estate is given equally to the two cousins of the testatrix and a charitable corporation.

Messrs. Clarke and Sherman contend that the true construction of the second and fourth clauses of the will requires the immediate transfer of said stock to them, and that the executors should pay the income arising from the proceeds of the sale of said stock to Mrs. Atkinson during her life and, upon her death, distribute said proceeds to the three residuary legatees. We do not agree with this contention.

The fundamental rule governing courts in the construction of wills is, so far as possible, to ascertain and give effect to the intention of the testatrix. *Frelinghuysen v. N. Y. Life Ins. Co.*, 31 R. I. 150, 157; 40 Cyc. 1386. The whole will is to be taken together and each part construed with relation to the language used in other parts. Where two clauses are entirely contradictory, that clause should prevail which more nearly appears to be the intention of the testatrix as gathered from the rest of the will. 40 Cyc. 1414, 1416.

The intention of the testatrix in making provision for her mother, her nearest relative, is definite and specific. The testatrix apparently intended to amply provide for her mother during her life, for by the second clause of her will she gave her mother, during her life, the dividends and income (about $3,000 annually) from all of her stock in the Pinniger and Manchester Company, and by the third clause she gave five persons $2,000 upon condition that they consented that her mother would be permitted to occupy a certain house, free of rent, during her life or so long as she

might desire. It is only after the death of her mother that John Dawley is to receive $2,000 par value interest of said stock. To construe the will as requiring the sale of the remaining $8,000 interest of said stock within one year after death of the testatrix to Messrs. Clarke and Sherman or the gift of it to the residuary legatees would allow Mrs. Atkinson only the income on two thousand dollars worth of said stock and reduce her annual income therefrom from $3,000 to $600. Clearly this would be contrary to the manifest intention of the testatrix and not a reasonable construction to place upon her will. Mrs. Atkinson was the special object of the bounty of the testatrix and her primary intention to give an ample allowance to her mother must prevail over her secondary intention giving Messrs. Clarke and Sherman the right to purchase some of said stock.

After due consideration of the question submitted the court is of the opinion that Messrs Clarke and Sherman are not entitled to purchase said shares of stock until after the death of Mary A. Atkinson.

On April 27, 1925, the parties may submit a form of decree in accordance with this opinion.

*Charles H. Kœhne, Jr.*, for William H. Clarke and Bradford H. Sherman.

*Burdick & MacLeod*, for Mary A. Atkinson.

*Sheffield & Harvey*, for executors.