ALBERT F. HAYDEN *et al*, FOR AN OPINION.

NOVEMBER 25, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This petition is brought in this court under authority of §4953, G. L. 1923 by parties having adversary interests who have concurred in stating certain questions in the form of a special case for the opinion of this court. The questions presented by the petition require the construction of portions of the will and codicil of William Dehon King who died December 10, 1914.

By the first clause of his will the testator directed his executors to deposit in a trust company such a sum of money or securities as would provide a certain annuity to be paid to his housekeeper. By the second clause testator directed that upon the decease of his housekeeper the trust should

cease and the principal of the trust fund should go into the rest and residue of his estate and be distributed by his executors "in accordance with said rest and residue as hereinafter set forth." The testator then directed that the rest and residue of his estate should be turned into cash by his executors and divided into eight equal parts and he gave and bequeathed one-eighth part of the same to each of his eight nephews and nieces whom he named. He directed that, in case any of said beneficiaries should die leaving issue, such issue should take by right of representation, and in case any of said beneficiaries should die without leaving issue, then the sum allotted to him or to her should go into the rest and residue of his estate and be divided equally among the surviving nephews and nieces.

Philip Wheaton Rives King, one of the nephews named in the said residuary clause, died December 31, 1922, without issue. Testator's housekeeper named in said first clause died September 23, 1927.

Upon these facts the question has arisen whether the estate of said Philip W. R. King is entitled to one-eighth part of said trust fund or whether it should be divided equally among the testator's nephews and nieces who survived his housekeeper.

It is obvious that the testator did not intend to die intestate as to any portion of his property as his will contains provisions which show a contrary intention. The law favors the early vesting of an estate given by will and, in the absence of a clear manifestation of the intention of the testator to the contrary, estates are held to vest at the earliest possible moment. *In re Norris, Tr.*, 46 R. I. 57; *Tetlow* v. *Capron*, 49 R. I. 162, 167; *R. I. Hospital Trust Co.* v. *Shaw*, 50 R. I. 78; 23 R. C. L. 524; 28 R. C. L. 231, 232. A remainder is vested when a definite interest is created in a certain person and no condition is imposed other than the determination of the precedent estate. 23 R. C. L. 498. In the case of the gift of a residue the general rule is that such a gift will be construed to be vested, unless a very clear intent

is shown to postpone the vesting. *Staples & Pearce* v. *D'Wolf*, 8 R. I. 74, 120; *Rogers* v. *Rogers*, 11 R. I. 38, 74; *Chafee* v. *Maker*, 17 R. I. 739. The test of a vested remainder is its present capacity to take effect in possession whenever the prior estate shall determine; that is, if the remainderman has the right, in case of a sudden determination of the prior estate, immediately to go in and take possession, the remainder is vested. 28 R. C. L. 313.

Applying these principles of law to the facts in this case we are of the opinion that the gift of the trust fund vested in the testator's nephews and nieces living at the time of his death. If Philip W. R. King had survived the testator's housekeeper his right to one-eighth of the principal of said trust fund could not be questioned.

Our opinion is that the share bequeathed to said Philip W. R. King was not divested by reason of his death without issue prior to the death of the testator's housekeeper and that the share of said trust fund which would have been paid to said Philip W. R. King if he had survived the testator's housekeeper should be paid to the administratrix d. b. n. c. t. a. upon his estate.

December 1, 1930, the parties may present a form of decree in accordance with this opinion.

*Burdick, Corcoran and Peckham,* for certain petitioners.

*Sheffield and Harvey,* for admx. c. t. a. d. b. n. of estate. of Philip Wheaton Rives King