WILLIAM S. STEERE *et al vs.* MARY E. PHILLIPS *et al.*

JULY 8, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

234

CAPOTOSTO, J. This is a bill in equity for the construction of the second paragraph of the will of Mary E. Alverson, late of the city of Providence. The complainant, William S. Steere, is one of the devisees under that paragraph and the only other complainant is his wife, whose sole interest is such as she may have by virtue of her dower rights. The various respondents are all of the persons known who have any possible present interest in the real estate in question, either under the will or as heirs at law of the testatrix. A representative of contingent interests of persons not in being or not ascertainable was duly appointed. After the pleadings were closed, an agreed statement of facts, to which we will later refer, with a certified copy of the will annexed thereto, was filed by the parties in interest. The cause being ready for hearing for final decree was then certified to this court for determination, in accordance with the provisions of general laws 1923, chap. 339, sec. 35.

The testatrix died November 25, 1884, leaving the above-mentioned will which was dated "this        day of November A. D. 1884" and was admitted to probate in Providence, December 30, 1884.

The second paragraph of the will, which we are asked to construe, reads as follows: "Second. I give devise and bequeath to my brother William Russell Steere one half of my house at 66 Federal street and to my nephews William S. and David Howard Steere the other half of said house and estate, that is, one quarter each."

The bill of complaint alleges that there is doubt as to the nature of the estates devised by the second paragraph by reason of the provisions of the seventh and eighth paragraphs of the will, which follow. "Seventh. In the event

of the decease of my brother William R. Steere, if without issue, then the estate devised to him shall pass to and be inherited by my nephews the said William S. and David Howard Steere, but if the said William Russell should have children or a child, then the said estate shall be inherited by said child or children of said William R." "Eighth. It is hereby declared that the estates above devised are given upon the following conditions, namely; that no one of the above named devisees, shall sell, mortgage, hypothecate or otherwise anticipate the rents, profits, benefits or income of the said estates, but shall enjoy the regular income from the said estates during their natural lives."

The questions raised by the bill of complaint which have been duly certified to this court are as follows: "1. Did the devisees named in paragraph 'Second' of said will take interests in fee simple, or merely life estates in the real estate described therein? 2. If said devisees took interests in fee simple in said real estate, who are the present owners of said real estate and in what proportions? 3. If said devisees took merely life estates, in whom are the remainder interests and in what proportion?"

Public Statutes of Rhode Island, 1882, chap. 182, sec. 5, now G. L. 1923, chap. 298, sec. 14, which was in force in 1884 when the testatrix died, provides in substance that whenever real estate shall be devised without words of limitation, such devise shall be construed to pass the fee simple or other interest which the testator had the power to dispose of by will, unless a contrary intention shall appear by the will. The same result was reached by this court independently of statute in *Waterman* v. *Greene,* 12 R. I. 483. In the instant case, unless a contrary intention appears in the seventh or eighth paragraph of the will, it is clear that the devisees under the second paragraph take an estate in fee simple.

The third and sixth paragraphs of this same will were construed by this court in *Phillips* v. *Smith,* 47 R. I. 403. The main provisions of those paragraphs were similar to the

provisions of paragraphs second and seventh now before us for construction. The provisions of paragraph eighth of this will has equal reference to paragraphs third and sixth in that case and paragraphs second and seventh in the instant case. The entire will was before the court in the *Phillips* case, and the effect of paragraph eighth on the sections of the will therein construed was undoubtedly considered by this court in holding that the testatrix intended that her sister, the devisee named in the third paragraph, should have an estate in fee simple if she survived the testatrix. It is apparent that in reaching such decision this court was then clearly of the opinion that the provisions of paragraph eighth did not in any way affect the estate in fee simple that the testatrix devised in paragraph third. The principles relied upon and the reasons for the decision in that case apply with equal force in the instant case. They are fully set forth in that opinion and need not be repeated here.

Construing paragraph second in the light of the provisions of paragraph seventh, we are of the opinion that the testatrix intended that William R. Steere and the other devisees named in paragraph second should have an estate in fee simple if they survived the testatrix. The event of William R. Steere's death contemplated in paragraph seventh is to be referred to the lifetime of the testatrix. See *Harris* v. *Dyer*, 18 R. I. 540 and cases cited; *Newport Trust Co.* v. *Chappell*, 40 R. I. 383. William R. Steere survived the testatrix. The contingency intended to be provided for by the seventh paragraph, that is, the death of William R. Steere before that of the testatrix, did not happen. Therefore, the devisees mentioned in the seventh paragraph took nothing under it.

The respondents practically concede that paragraph seventh gives them little, if any, support in their contention that the testatrix intended to devise a life estate in paragraph second. They contend, however, that such intention is manifested by the language of paragraph eighth, which we have already quoted. They argue that, taking the lan-

guage of that paragraph and its numerical position in the will, it manifests an intention on the part of the testatrix to devise only a life estate to the devisees named in paragraph second.

It is agreed that the problem is to be solved by ascertaining the testatrix's intention. That intention, if doubtful, is to be found by application of well-settled principles of law. One cardinal rule is to give effect to every portion of the will reconciling, if it fairly may be done, clauses susceptible of inconsistent construction. *Newport Hospital* v. *Harvey,* 49 R. I. 40; *Industrial Trust Co.* v. *McLaughlin,* 44 R. I. 350. In construing doubtful language in a will that interpretation will be preferred which gives consistency to the whole will. If it can fairly be done, a later clause in a will will be so construed as to affirm and not to contradict an earlier clause. *Temple* v. *Sammis,* 97 N. Y. 526; 2 Schouler on Wills, (6th ed.) 1035, § 900. Moreover, the rule of construction based upon the relative position of inconsistent provisions is not applicable until an attempt has been made to reconcile such provisions and to give effect to each. See *Industrial Trust Co.* v. *McLaughlin, supra,* at page 354.

In looking at the eighth paragraph of this will we see that it deals solely with the *income* from the real estate devised in preceding paragraphs, including paragraph second. The object of the testatrix as to the income from the real estate devised in paragraph second is clearly stated; it is not left to inference. If the language of paragraph eighth means anything, it is at best an attempted limitation upon the manner in which the devisees shall enjoy the income therefrom. A devise without words of limitation, such as we find in paragraph second, according to the statute previously mentioned, is not to be cut down, unless a contrary intention appears by the will. See *Goffe* v. *Goffe,* 37 R. I. 542. Furthermore, the contention urged by the respondents would result in partial intestacy, which should be avoided unless the will cannot be reasonably otherwise interpreted. *Dunham* v. *Randall,* 51 R. I. 55 and cases cited. We are, there-

fore, clearly of the opinion that the provisions of paragraph eighth do not show an intention on the part of the testatrix in the instant case to cut down the estate in fee simple which she had devised in paragraph second of her will. In so deciding, we are in accord with the decision of this court in the *Phillips* case, wherein this same will was considered and construed.

We answer the first question by saying that the devisees named in paragraph second of the will take interests in fee simple in the real estate described therein. In view of this decision, the third question submitted to us becomes immaterial.

In the second question we are asked to determine, on an agreed statement of facts, the devolution of the title of the property involved in the case, after we have determined the proper construction of the will. In our judgment this matter of the devolution of the title is not germane to the construction of the will and cannot properly be brought into the same suit. We therefore do not answer that second question.

On July 11, 1938, the parties may submit to us a form of decree, in accordance with this opinion, to be entered in the superior court.

*Haslam, Arnold & Sumpter, Charles R. Haslam, Harry A. Tuell,* for complainants.

*Edward W. Day,* for respondents.