## The Elizabeth Higginson Weeden Home for Indigent and Infirm Females *vs.* The Heirs of Elisabeth Higginson Weeden *et al.*

MAY 29, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity by the complainant, a charitable corporation, for the construction of the will of Elisabeth Higginson Weeden, late of the city of Pawtucket, Rhode Island, deceased. The respondents are the attorney general, as representative of the public, and the heirs at law

of the testatrix. A member of the bar of this state was appointed by the superior court to represent the contingent interests of persons not in being, or not ascertainable, or who were in the military service as defined in the Soldiers and Sailors Civil Relief Act of 1940, as amended. Answers were filed by the attorney general and by the guardian *ad litem*. A decree *pro confesso* was entered against the heirs of the testatrix. When the cause was ready for hearing for final decree, it was certified to this court for determination in accordance with general laws 1938, chapter 545, §7.

Elisabeth Higginson Weeden, a lifelong resident of Pawtucket, died in that city on January 10, 1905. She left a will, dated "this    day of July.A.D.1899", which was duly admitted to probate. From the manner of expression and the punctuation in the certified copy of the will in evidence, it appears that it was drawn by one inexperienced in the drafting of wills. However, after providing for the payment of all just bills and funeral expenses, the will leaves her entire estate for the establishment and maintenance of a home for indigent and infirm females. The fourth clause thereof reads as follows: "Fourth. It is my wish and desire that the real estate at Division.Prospect and Bowers streets.which I have given for said home.shall not be sold or exchanged and that all my furniture.books.photographs. portraits.piano. watch. bric-a-brac and all other articles in my homestead.shall not be sold but remain in said home."

■■ The primary and well-established rule in the construction of wills is that the intention of the testator, if definitely ascertainable and lawful, must govern, and that such intention must be ascertained, if possible, from a consideration of the whole will. *Industrial Trust Co.* v. *Saunders,* 71 R. I. 94. To ascertain the intention of the testatrix in this cause, her language should not only receive a sensible interpretation but such intention should be interpreted with reference to the whole will, keeping in mind that the plan or scheme of the will and the objects which it seeks to attain are material factors in determining her intention. *Indus-*

*trial Trust Co.* v. *Hall,* 66 R. I. 201. If, especially in the case of a charitable trust, upon careful consideration of the whole will it appears that the testatrix has expressed two intentions, one primary and the other secondary, and both cannot be literally carried out because of circumstances, then the primary or dominant intention should control, the secondary or subordinate intention being also effectuated, so far as possible. *Cady* v. *Nolan,* 72 R. I. 496; *Brice* v. *All Saints Memorial Chapel,* 31 R. I. 183, 201.

At the very beginning of clause second the testatrix uses the following language: "it is my earnest wish and desire to render a public benefit to the place which has always been my home.by aiding in the establishment *in the City of Pawtucket.*R.I.a Home for indigent and infirm females." (italics ours) The testatrix then devises the premises in question to certain trustees to hold in trust until they had obtained in this state "an act of incorporation . . . with such powers as may be necessary and proper to carry into effect the purposes and objects of this bequest . . . . The name of said corporation shall be 'The Elizabeth Higginson Weeden Home for Indigent and Infirm Females.'" She also directs that the trustees shall convey the described premises to the corporation, which shall thereafter establish "a comfortable home for the class of females mentioned". In this clause she also identifies who shall act as incorporators of the corporation and further specifically provides that the pastor of the "Pawtucket Congregational Church.for the time being.shall be a member of said corporation and of the Board of Diretors (sic) or Managers thereof". The testatrix attached no condition or limitation to the devise to the trustees and therefore. no such condition or limitation was attached to the land when it was transferred by them to the corporation.

In clause third the testatrix gives, devises and bequeaths all the rest and residue of her estate, both real and personal, to the corporation in trust to manage and to use the income therefrom in maintaining and supporting "the above men-

tioned home." Clause fourth, which is before us for construction, has been hereinbefore set out in full. In clause fifth the testatrix provides that if any of the real estate, other than that in question here, be taken by the city of Pawtucket for improvements, the corporation shall invest the proceeds derived from such taking in national or municipal bonds or notes, the income therefrom "to be used in maintaining and supporting said home." And in clause sixth she expresses the wish "that the managers of said home shall admit no more persons than can be properly cared for with the means at their command."

After consideration of all the above interrelated provisions we are of the opinion that the will, as written, discloses two intentions of the testatrix. In our judgment her primary and dominant intention was to establish and maintain a comfortable home for indigent and infirm females at some suitable place in the city of Pawtucket, to be called The Elizabeth Higginson Weeden Home for Indigent and Infirm Females. Her secondary or subordinate intention was a preference that the home be located on the premises in question so long as those premises were reasonably adaptable to the intended use.

We are led to the foregoing conclusions by the following considerations. It is clear that the testatrix intended to establish a home for the designated beneficiaries as a family memorial; that the home was to be located in the city of Pawtucket; and that the managers of the home should admit no more persons than could be properly cared for with the means at their command, so that the beneficiaries might have "a comfortable home". There is no language in the will expressly stating that the home must be established and maintained at any special place in Pawtucket, or that the devised premises must be the situs of the home. On the contrary in clause second, where she directs in considerable detail how and by whom the home shall be established and maintained, the only limitation which she places upon those whom she charges with the duty of carrying out her wishes

26

in the matter is that the home be established and maintained in the city of Pawtucket.

The language of clause fourth, which is directly before us, is clearly precatory in character. In our opinion, by this clause the testatrix indicated a wish and desire that the charitable institution which she had in mind should begin "to render a public benefit", as stated by her in the second clause of the will, as soon as reasonably possible after her death; that, in her judgment, the most practical way to attain that end at the outset and without undue delay was to establish the home on the premises which she had apparently occupied for many years; and that, so far as reasonably possible, the furniture and furnishings of the home should remain intact for that purpose rather than be disposed of by the executor.

When the will is read as a whole, it is clear to us that it was the wish of the testatrix that the home be located on those premises, with the above-mentioned furniture and furnishings, so long as they continued reasonably fit for the purpose and to the extent intended by her. In order to find that the request, in clause fourth, not to sell the premises showed an intention by her that the home should always be maintained at that place, the language of that clause would have to be so altered under the guise of interpretation as to amount, in substance, to a rewriting of the clause, which we have no right to do. Furthermore, having in mind all provisions of the will, such an interpretation might in some circumstances seriously impair, if not in effect defeat, the testatrix's dominant intention.

At the hearing evidence was introduced to support a prayer in the bill that the complainant be authorized to sell the premises mentioned in the fourth clause of the will, which premises are now being used as a home for indigent and infirm females. We have disregarded that evidence as the question to which it referred is not before us on a bill for the construction of a will, where the cause is certified to this court under G. L. 1938, chap. 545, §7. See *Town of*

*Bristol* v. *Nolan,* 72 R. I. 460; *City of Providence* v. *Payne,* 47 R. I. 444, 455.

On June 25, 1947, the parties may present to this court for approval a form of decree, in accordance with this opinion, to. be entered in the superior court.

*Crowe & Hetherington, Henry E. Crowe, Thomas Hetherington,* for complainant.

*John H. Nolan,* Attorney General, *Archie Smith,* Assistant Attorney General, *Joseph F. Flynn,* Guardian *ad litem,* for respondents.