COMMERCIAL TRUST COMPANY OF NEW JERSEY, *Tr., et al. vs.* GEORGIANA ELIZABETH MAY PELHAM CLINTON *et al., Ex'rs.*

APRIL 14, 1950.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. This bill in equity for the construction of the will of John Theodore C. Zerega being ready for hearing for final decree has been certified by the superior court to this court for our determination pursuant to general laws 1938, chapter 545, §7.

The need for construction has arisen because of two inconsistent clauses of paragraph Seventh of the will. By clauses (a) and (b) of that paragraph the testator gave his residuary estate to certain trustees to invest and reinvest the same and to pay the net income therefrom, after certain specified charges and expenses, to Elizabeth Zerega Pelham Clinton, hereinafter referred to for convenience as Elizabeth Clinton, during her natural life. By several subsequent clauses he provided for the payment of such income and the ultimate distribution of the principal of the trust fund in the event of divers contingencies. Two of such contingencies are provided for in clauses (c) and (f) which are the inconsistent clauses hereinbefore mentioned. Those clauses read as follows:

"(c) In the event of the death of the said Elizabeth Zerega Pelham Clinton prior to the deaths of Georgiana Pelham Clinton and Elizabeth F. Romaine, to pay over two-thirds of the income of this trust fund to the said Georgiana Pelham Clinton during her natural life and on the death of the said Georgiana Pelham Clinton to pay over two-thirds of the principal of this

trust fund unto such person or persons as the said Georgiana Pelham Clinton may in her last will and testament direct. To pay over one-third of the income of this trust fund unto Elizabeth F. Romaine during her natural life and on the death of the said Elizabeth F. Romaine to pay over one-third of the principal of this trust fund unto such person or persons as the said Elizabeth F. Romaine may in her last will and testament direct."

"(f) In the event of the death of the said Elizabeth Zerega Pelham Clinton prior to the deaths of the said Georgiana Pelham Clinton and Elizabeth F. Romaine to pay over the principal of this trust fund unto such person or persons as the said Elizabeth Zerega Pelham Clinton may in her last will and testament direct."

Elizabeth Clinton died testate in 1946 in England leaving Georgiana Pelham Clinton, hereinafter referred to as Georgiana Clinton, and Elizabeth F. Romaine surviving her. In these circumstances two conflicting claims have been advanced. It is contended on behalf of Georgiana Clinton and Elizabeth F. Romaine that the plan of the will as a whole indicates that the testator intended to use the word "subsequent" in clause (f) instead of the word "prior," and that if effect is given to such intention by substituting the former word in place of the latter in that clause the apparent inconsistency will be removed. In support of their position they rely on the rule of testamentary construction that a word may be substituted whenever it is necessary to do so in order to carry out what seems to be the plain intention of the testator.

The executors under the will of Elizabeth Clinton contend that clauses (c) and (f) are obviously contradictory and irreconcilable, hence the former must give way to the latter in accordance with the rule of construction that when a later clause in a will is repugnant to an earlier clause, the later clause being the last expression of the testator's intention must prevail. They further contend that the rule relied 'on by their adversaries is predicated upon the

existence of an ambiguity in a clause and that it is not applicable to two independent, unambiguous clauses which are repugnant to each other.

In reply to that contention their adversaries deny that clauses (c) and (f) are independent clauses within the meaning of the rule relied upon by the executors, but are merely parts of one clause which by their apparent inconsistency create an ambiguity in such clause. And it is further argued that the lack of clearness thus created as to the testator's intention is not an instance of two irreconcilable, repugnant testamentary provisions which may be avoided by giving effect to the last expression of such intention, but rather is a case of an error in testamentary draftsmanship which conveys a meaning obviously contrary to the intention of the testator apparent from the dispositive plan of the seventh paragraph in its entirety. Hence it is urged that the rule of construction which substitutes one word for another even though contrary in meaning should be applied. Thus they propose that the word "prior" in clause (f) be construed to mean "subsequent."

Each rule above relied upon is an established rule of construction of wills. 1 Redfield on Wills (3d ed.) 416, §32; 2 Page on Wills (3d ed.), pp. 873, 889; 1 Jarman on Wills (7th ed.) 574; 57 Am. Jur., Wills, §1128. This court has recognized either one or the other or both of them in a number of cases. *Frelinghuysen* v. *New York Life Ins. & Trust Co.,* 31 R. I. 150; *Goffe* v. *Goffe,* 37 R. I. 542; *Industrial Trust Co.* v. *McLaughlin,* 44 R. I. 350; *Newport Hospital* v. *Harvey,* 49 R. I. 40; *Turner* v. *Turner,* R. I. , 161 A. 115; *Steere* v. *Phillips,* 61 R. I. 232. In the *McLaughlin* case the rule relied on by the executors here was applied, while in the *Turner* case the court resorted to the rule now being urged here by the adversaries of the executors.

Those rules are not inconsistent. Each is predicated upon premises different from the other. Given the premises,

it is not difficult to determine which rule to apply. The difficulty, if any, arises in determining whether in the circumstances of each case the premises are present which call for invoking one rule or the other. In the case at bar such is the problem which seems to have confronted the parties. That difficulty, however, may be resolved by examining the language of the clauses in question and ascertaining if they are absolutely repugnant to each other and clearly beyond reconciliation so that both cannot be given effect, or if, on the other hand, they are really cognate parts of a single clause rendering such clause ambiguous, but subject to clarification by a substitution of words in keeping with the intention apparent from the whole will.

After carefully perusing the seventh paragraph of the will in its entirety and noting that the testator has made therein in separate clauses a series of dispositions, it appears to us that each such clause is a complete and independent disposition in itself. To understand what each clause means reference to no other clause in the paragraph is necessary. Each clause is clear and explicit and unequivocally expresses the dispositive intention of the testator. In our opinion those clauses may not be read as interdependent parts of and inextricable from one integrated whole paragraph. Clause (c) is a whole and entire disposition in itself; so is clause (f). Each is clear and unambiguous. When read alone there is no doubt of the testator's intention in the words which he has used to express it. Only by reading the two clauses together does clarity disappear and obscurity arise. It is then and only then that a contradiction appears. But that contradiction is not an ambiguity inherent within the language of either clause but a clear repugnancy between the otherwise clear language of two independent clauses.

In our opinion this does not present a situation which calls for a resort to the rule of construction which authorizes the court to construe a word in a clause to mean the opposite to what it expresses so as to obviate a plain

ambiguity caused solely by the use of the wrong word within that clause. Such was the case in *Rowe* v. *Rowe,* 113 N.J.Eq. 344, *Swetland* v. *Swetland,* 100 N.J.Eq. 196, and *Struss* v. *Fidelity & Columbia Trust Co.,* 182 Ky. 106, where the court applied the rule. A similar situation, although not involving words directly opposite in their meanings, was present also in *Turner* v. *Turner, supra, Dockery's Executors* v. *Dockery,* 170 Ky. 194, and *Peaslee* v. *Rounds,* 77 N. H. 544. Those cases were all cited by Georgiana Clinton and Elizabeth F. Romaine in support of their position. While each case presents a proper application of the rule in the circumstances then being considered by the court, none is in point on the situation presented in the instant will.

Here we have two equally clear and unambiguous clauses which are obviously repugnant to each other. After careful scrutiny it appears that they are absolutely irreconcilable. It is impossible to give effect to both. Either one or the other must, by construction, be excided from the will. We may conjecture that the testator had a different intention in drafting clause (f) which he failed to express or which he inadvertently expressed to the contrary but we cannot reasonably infer that conclusion from the language of the will, and by that language we are bound. A similar situation confronted this court in *Industrial Trust Co.* v. *McLaughlin, supra,* and it felt compelled to apply the rule that the later clause being the last expression of the testator's intention must stand to the exclusion of an earlier clause to which it was clearly and irreconcilably repugnant.

It is true that this rule is applied only as a last resort where, after careful scrutiny of the will fails to disclose the testator's intention with reasonable certainty, there appears to be no other possible solution of the obvious repugnant provisions. We are of the opinion that such is the situation here, and therefore under clause (f) Elizabeth Clinton was given the testamentary power to appoint the person

or persons to whom the principal of the trust fund should be paid over at her decease. Her will does not expressly exercise this power of appointment. However, it does contain a residuary clause and therefore under our law, there being no contrary intention apparent from the will, such clause is held to be an implied exercise of such power. G. L. 1938, chap. 566, §9. That law governs because the question whether a power has been lawfully exercised is determined by the law of the state of the donor of the power and not of the donee. *Adams* v. *d'Hauteville,* 72 R. I. 325.

The beneficiary of the residuary clause of the will of Elizabeth Zerega Pelham Clinton is therefore entitled to the principal of the trust fund under paragraph Seventh of the will of John Theodore C. Zerega presently being construed.

On April 24, 1950 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Alexander G. Teitz,* for complainants Georgiana Pelham Clinton and Elizabeth F. Romaine.

*W. Ward Harvey,* guardian *ad litem.*

*Gabriel D. Russo,* for respondents.