243 A.2d 914.

STANLEY P. GOLDSTEIN *et al. vs.* ETTA R. GOLDSTEIN *et al.*

JULY 3, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This case was brought pursuant to the provisions of G. L. 1956, §9-24-28, as amended, for the construction of a provision of the will of Isreal Goldstein, hereinafter referred to as the testator, who died a resident of Woonsocket on February 18, 1959. Following a hearing in superior court, the cause was certified to this court, as provided in the above-cited statute, for hearing and determination of the cause so certified.

The plaintiffs are the present trustees under paragraph Fifth of the will of the testator. The defendants include testator's widow, Etta, his three sons living at the time of the institution of the instant suit,[1] and his six grandchildren, two of whom were born subsequent to testator's

---

[1]Testator's fourth son died on October 31, 1962, survived by two children, included as defendants herein.

death.[2]  In the proceedings below, guardians ad litem were appointed to represent minors and persons not in being and not ascertainable who may have an interest under the provisions of paragraph Fifth of the will.

Paragraph Fifth establishes a trust of the residue of testator's estate and provides that the trustees therein shall distribute said trust as follows:  (1) during Etta's life, the net income to be paid at least annually to Etta, or to "her children" in such proportions as shall be determined by the trustees; and (2) upon Etta's death "* * * leaving issue *her* surviving, this trust fund allocated in behalf of my wife shall be divided by my trustees into as many equal shares as there are *children of my wife,* then living * * * and the trustees shall allocate and hold one such share for each of said children * * *."  (italics ours)

On December 19, 1963, Etta irrevocably renounced and terminated[3] her interest as beneficiary of the paragraph Fifth residuary trust and also resigned as trustee thereunder.  The question arising in this proceeding is whether the trustees may treat the renunciation by Etta as equivalent to her death for the purposes of administering and distributing the residuary trust, and whether they may thereby accelerate the interest of the children, and issue of the deceased child, of Etta living at the time of said renunciation.

The plaintiffs argue that Rhode Island follows the general rule of construction, proposed in 2 *Restatement of the Law of Property* at §231, favoring acceleration of succeeding interests, absent the manifestation of a contrary intent,

[2]Eugene Stephen Goldstein and Larry Goldstein, brothers, were born August 24, 1964, and March 18, 1966, respectively.

[3]The renunciation of Etta R. Goldstein is contained in an instrument executed by her on December 19, 1963, which reads in pertinent part: "3.  Completely and unqualifiedly renounce, disclaim, waive, relinquish and terminate all rights which I ever had, now have or in the future may have in, to or under the Residual Trust as beneficiary, trustee or otherwise by virtue of Paragraph Fifth."

when an attempted prior interest fails because the person to whom it is limited renounces it. In *Hayden for an Opinion,* 51 R. I. 117, 118, 152 Atl. 254, 255, we said: "The law favors the early vesting of an estate given by will and, in the absence of a clear manifestation of the intention of the testator to the contrary, estates are held to vest at the earliest possible moment." See *Rhode Island Hospital Trust Co.* v. *Churchill,* 102 R. I. 660, 667, 232 A.2d 603, 608. Pursuant to this rule, plaintiffs argue that Etta's renunciation, disclaimer, and termination should be treated by the trustees as equivalent to her death and the succeeding interests should be accelerated.

The plaintiffs acknowledge that before resorting to court-created rules of construction, an effort should be made to determine the testator's intent from the instrument itself. This is in accord with our rule that where the language of a will expressly states the testator's intention, resort to the rules of testamentary construction is without warrant; it is when the language under consideration is susceptible of being read as disclosing alternate or contrary intentions that the rules of construction properly may be invoked for the purpose of ascertaining the intent of the testator from the language he employed. *Cf. Industrial National Bank* v. *Clark,* 98 R. I. 434, 437, 204 A.2d 310, 312. It is our duty then to ascertain, if possible, the intent of the testator from the language he used in the instant instrument.

As has already been noted, paragraph Fifth requires that (1) the net income of the trust established therein is to be paid to Etta or to "her children" and (2) upon Etta's death the trust is to be divided into "* * * as many equal shares as there are children of my wife, then living * * *." Subparagraph 2 further provides that the share "* * * of any child who shall have died before attaining the age of forty (40) years, without issue him surviving, shall be divided by my trustees into as many equal shares as there are other

children of said Etta R. Goldstein * * *," and it also contains a provision for distribution of the corpus in default of "* * * other children of said Etta R. Goldstein or their issue * * *." Subparagraph 3 provides for distribution "If Etta R. Goldstein shall have predeceased me, or having survived me shall then decease, leaving no issue her surviving * * * ." However, subparagraph 4 gives discretion to the trustees to advance part of the principal of the trust to "* * * *my* children * * * to enable him or her or his or her spouse to acquire a home and to purchase and/or engage in a business." (italics ours) Further, in paragraph Twenty-first provision is made by the testator for the disposition of certain business interests to "my children."

From our analysis we are convinced that the testator intended that his estate be disposed of in accordance with a comprehensive plan of providing the beneficiaries of his estate with both immediate and future gifts. By express language, the class to which the testator intended to extend immediate benefits of a considerable amount was limited to "my children," and in order to provide these benefits, he made funds available in paragraph Twenty-first and paragraph Fifth, subparagraph 4, immediately upon his death to his children, if necessary to assist them in making themselves financially secure in their business dealings and in providing for the acquisition of homes for their families. By equally specific language the testator, in the remaining subparagraphs of paragraph Fifth, also expressed his intent to benefit a certain class by providing the members thereof with not only present payments of income but also with the future distribution of the corpus of the trust. Thus, the testator stated that the class of beneficiaries was to include the "children of my wife" and the residuary trust was to remain in effect until "* * * such child or such issue [of any deceased child] shall have reached the age of forty (40) years * * *." The question thus arising is whether we would

be defeating the intent of the testator by ordering an acceleration of the succeeding interests of this latter class of beneficiaries of the paragraph Fifth trusts in the instant situation.

We think so. The testator clearly mandated that the residuary beneficiaries were to include the "children of my wife." In *Prince* v. *Nugent,* 93 R. I. 149, 161, 172 A.2d 743, 751, we recognized that "* * * rules of construction, whether they originate with the judiciary or with the legislature, are to be applied only to ascertain and effectuate the intent of the testator and not to defeat that intent." We went on to state that, notwithstanding the provisions of G. L. 1956, §15-7-16, "Inheritance by and from adoptive kindred," since amended, where a settlor includes a gift to the lawful issue of an adoptive parent in a deed of trust, absent from such deed either an express or necessarily implied intent to exclude the adopted child, the use of such language in the limitation by the settlor constitutes prima facie evidence of his intent to include therein the adopted child. 93 R. I. at 166, 172 A.2d at 753. Whether the word "children" as used in a will includes a child adopted after the death of the testator is determined by ascertaining the intention of the testator from a study of his entire will. *Smith* v. *Bradford,* 51 R. I. 289, 154 Atl. 272.

It is obvious from our review of the instant will that the testator neither by express language nor by necessary implication intended to exclude adopted children as beneficiaries under paragraph Fifth. Rather, he expressly stated that the class of beneficiaries thereunder was to include the "children of my wife." In these circumstances we would be defeating the intent of the testator by ordering an acceleration of succeeding interests under paragraph Fifth prior to the death of testator's widow. Accordingly, we answer the question of whether the trustees may treat the renunciation by Etta as equivalent to her death for the

purposes of administering and distributing the residuary trust, and whether they may thereby accelerate the interest of the children, and issue of the deceased child, of Etta living at the time of said renunciation, in the negative.

The parties may present a judgment to the court in chambers in accordance with this opinion.

Motion for reargument denied.

*Higgins & Silverstein,* for plaintiffs.

*Richard F. Kirby,* Guardian Ad Litem, for Eugene Stephen Goldstein and Larry Goldstein; *Thomas J. Kane,* Guardian Ad Litem for Mark Steven Goldstein and Nancy Goldstein; *Orist D. Chaharyn,* Guardian Ad Litem for Richard Goldstein and James Goldstein; *Gerald M. Brenner,* Guardian Ad Litem of persons not now in being and not now ascertainable, for defendants.