**In re Robert A. DiBIASIO**

**No. 96–540–Appeal.**

Supreme Court of Rhode Island.

Jan. 13, 1998.

John Stephen Petrone, Cranston, for Plaintiff.

David J. McOsker, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case involves the construction of a will and codicil. The defendants, Thomas Fiore, James Fiore, and Jennie Saccoccio, are heirs at law of the testator, Vincent Fiore (Fiore). They appeal from a Superior Court order providing that upon Fiore's death, the rest, residue, and remainder of his testamentary trust vested in Joseph A. DiBiasio (DiBiasio), Fiore's nephew and the remainderman designated in his will. The court further ruled that upon DiBiasio's death the remainder of

Fiore's estate would go to DiBiasio's heirs rather than revert to the defendants in their capacity as Fiore's heirs. After ordering the parties to show cause why this appeal should not be determined summarily, we conclude that no cause has been shown and proceed to decide the issues raised.

On appeal, defendants argue that the trial justice erred as a matter of law in failing to follow Fiore's clear intentions as the testator. Fiore executed a will on November 14, 1986. His will created a trust and named DiBiasio as trustee to provide for the proper care, support, maintenance, education, and welfare of Fiore's surviving sisters and brother. Upon the death of Fiore's last surviving sibling, certain cash legacies were to be distributed free and clear of the trust to Fiore's heirs, Joseph Saccoccio, Victor "Vito" Morgero, Thomas Fiore, and James Fiore. By codicil dated April 28, 1989, Fiore amended the will to add the following paragraph, designated (E):

> "After making distribution to those individuals set forth in subparagraph (C) herein of the stated sums, the rest, residue and remainder of the Trust estate and assets, together with any accumulations thereto, shall be paid and distributed to my nephew, JOSEPH A. DiBIASIO, individually for his sole use free and clear of Trust."

The next subparagraph, redesignated by the codicil as subparagraph (F), provides, "Upon the distribution and division of said trust funds in manner as aforesaid, this Trust shall close and terminate and my said Trustee shall be relieved * * *."

When Fiore passed away on July 27, 1989, the trust was established with DiBiasio as trustee. However, on November 2, 1994, DiBiasio passed away, leaving two sons, Joseph A. DiBiasio (Joseph) and Robert A. DiBiasio (Robert). At DiBiasio's death at least one of Fiore's siblings was still living. On January 6, 1995, Robert filed a complaint in the Superior Court, seeking to have himself named as successor trustee. One of Fiore's nephews, Joseph Saccoccio, answered the complaint and counterclaimed to have himself appointed successor trustee. Next came the answers of Fiore's nephews, Thomas Fiore, James Fiore, and Fiore's sister,

Jennie Saccoccio. Specifically Fiore's heirs claim that the language "individually for his sole use" in subparagraph (E) of the codicil demonstrates Fiore's clear intent to create a contingent remainder whereby DiBiasio's interest in the residue of the trust was dependent on his outliving Fiore's siblings. They claimed that because DiBiasio, Robert's father, had passed away, any remainder must revert to Fiore's estate and pass to them under the laws of intestacy.

All parties entered into an agreed statement of facts and further agreed to submit the matter for the trial justice's decision based only on those facts and the parties' memoranda. Thereafter, the Superior Court entered an order appointing Robert successor trustee and declaring that the rest, residue, and remainder of the estate had vested in DiBiasio at Fiore's death. Thus the court ruled that upon DiBiasio's death, his heirs, Robert and Joseph, succeeded to DiBiasio's interest.

■ The sole issue on appeal is whether the Superior Court erred in holding that a bequest of the rest, residue, and remainder of the Fiore trust, subject to a beneficial life estate, vests in the remainder beneficiary upon the testator's death or whether the trust res reverts to the estate if the remainderman predeceases the life tenants. This issue could have been avoided, of course, had the will provided specifically for the disposition of the rest, residue, and remainder of Fiore's testamentary trust in the event the death of DiBiasio preceded that of the life tenants.

■ This court's "primary objective when construing language in a will or trust is to ascertain and effectuate the intent of the testator or settlor as long as that intent is not contrary to law." *Prince v. Roberts*, 436 A.2d 1078, 1080 (R.I.1981); *see also Fleet National Bank v. Miglietta*, 602 A.2d 544, 549 (R.I.1992). "Where the language of a will expressly states the testator's intention, resort to the rules of testamentary construction is without warrant; it is when the language under consideration is susceptible of being read as disclosing alternate or contrary intentions that the rules of construction prop-

erly may be invoked." *Goldstein v. Goldstein,* 104 R.I. 284, 287, 243 A.2d 914, 916 (1968); *see also Lancellotti v. Lancellotti,* 119 R.I. 184, 191–92, 377 A.2d 1315, 1319 (1977). Ambiguous language in a will or a trust presents the trial justice with a mixed question of law and fact, and the appellate court will not substitute its judgment for that of the trial justice unless reasonable minds would be impelled to a single conclusion. *Prince,* 436 A.2d at 1080–81.

■ In Rhode Island the law favors the immediate vesting of remainders unless there is a clearly indicated intention to the contrary. *Sawyer v. Poteat,* 90 R.I. 51, 57, 153 A.2d 541, 545 (1959). This preference for construing remainders as vested is particularly strong when, as here, (1) the remaindermen are in existence at the death of the testator, (2) the remainder is a gift of the residue of the estate, *see id.* (citing *Rhode Island Hospital Trust Co. v. Johnston,* 81 R.I. 115, 99 A.2d 12 (1953)), (3) the gift is to relatives of the testator, and (4) when intestacy would otherwise result. 5 *Page on the Law of Wills* § 43.3 at 340 (1962).

A survey of our cases in this legal precinct reveals a strong preference for the early vesting of remainder interests, whether in a will or a testamentary trust. Thus in *Industrial National Bank of Rhode Island v. Clark,* 98 R.I. 434, 439–40, 204 A.2d 310, 313 (1964), this court held on similar facts that the vesting of an intervening life beneficiary interest in trust income "operated only to defer the enjoyment of [a remainder] gift * * * until the expiration" of the life estate. In *Sawyer* the court concluded that the instrument created a vested rather than a contingent remainder—notwithstanding a provision transferring the remainder "after the determination of my daughter's [the life tenant] estate." *Sawyer,* 90 R.I. at 58, 153 A.2d at 545.[1] And in *Moore v. Dimond,* 5 R.I. 121, 122, 128 (1858), the court held that a devise to the testator's daughter "during the term of her natural life, and after her decease, to her children" similarly created a vested remainder interest in the children and imposed no condition of survival on the remaindermen.

On the other hand this court has held that a testamentary instrument creates a contingent remainder when the language in question indubitably commands such a result. For example, in *Brown v. Williams,* 5 R.I. 309, 318 (1858), we concluded that a devise to the issue of deceased children "as shall be living at the time of my said daughter, Mary Dockray's decease" expressly conditioned any vesting upon the contingency of remaindermen surviving the life tenant. In contrast the language of this instrument employs no such unambiguous language.

In this case the claimed ambiguity revolves around the language that bequeaths the remainder to DiBiasio "individually for his sole use free and clear of Trust." The defendants contend that this language shows the testator's intent to delay the vesting of the remainder until termination of the life estates so that the remainder could only pass to DiBiasio if he outlived the life tenants but would not pass to his heirs if he did not. However, if the testator had desired a reversion of the remainder in the event that DiBiasio predeceased the life tenants he could have easily included clear language in the will or codicil to that effect. But he did not do so. Thus it appears more plausible to us that when Fiore used the phrase "individually for his sole use free and clear of Trust" he did so not to provide for a reversion to the estate in the event of DiBiasio's death, but to make clear that upon the vesting of his interest DiBiasio would no longer be merely the trustee of the property, as he had been previously, but its outright owner.

A New York court faced a similar situation in the case of *In re Estate of Sprinchorn,* 151 A.D.2d 27, 546 N.Y.S.2d 256 (1989). There a decedent's will directed his residuary estate to be placed in trust, with life estates to two individuals. Upon the termination of the life estates, the trust was to be terminated with the principal paid over to two remaindermen. Both remaindermen died prior to the termination of one of the life estates, and the

---

1. In *Sawyer v. Poteat,* 90 R.I. 51, 58–59, 153 A.2d 541, 545 (1959), the residuary gift was to a class of grandchildren. Accordingly the residuary gift was construed to be vested subject to partial divestment if additional eligible grandchildren were to be born. *Id.*

question arose whether the remaindermen's estates were entitled to the principal or whether it reverted to the testator's estate. The court held that because the language creating the remainder interests did not include "any further gift or limitation over to any substitutionary beneficiary," it created "an indefeasibly vested remainder." *Id.* 546 N.Y.S.2d at 258. Therefore, the principal was directed to the remaindermen's estates.

Here we hold that the testator's omission of any substitute beneficiary who would take upon DiBiasio's death also evidenced an intent to grant an indefeasibly vested remainder interest to DiBiasio and his estate. Our conclusions in this regard are bolstered by the fact that the testator had discretely undertaken via a codicil to add a remainderman to his testamentary scheme without providing for any substitute beneficiary in the event DiBiasio predeceased any of the life tenants. For these reasons, the trial justice did not err in so ruling, and the defendants' appeal must be denied and dismissed.