DECISION
This case came on for consideration on an appeal from the Probate Court of the Town of Coventry. The parties differ on their interpretation of a Will. The parties agreed that this appeal contained no issues of fact, waived a jury trial, and submitted the issues to the Court for determination of the law and interpretation of the Will. The parties have submitted memoranda.
 Facts and Travel
Ernest J. Ryan, Jr. executed a Last Will and Testament in May, 1999. He passed away on August 4, 2006. An Estate was filed and the Probate Court admitted the Will to probate in May, 2007. Mr. Ryan had three surviving children: Katherine Ryan, Alan J. Ryan and Debra J. Ayala.
Articles Three and Four of the Will make specific bequests. The Will then states in part:
 FIFTH: I give and bequeath all of my remaining tangible personal property that I may own at the time of my death to my children, DEBRA JEANNE AYALA and ALAN JAMES RYAN, to be divided among them by my Executor, in his sole discretion, in as nearly equal proportions as may be practical. *Page 2 
 SIXTH: All the rest, residue and remainder of my property, real, personal and mixed, wheresoever located, including my home at 11 Fairmont Street, West Warwick, Rhode Island, I give, devise and bequeath said rest, residue and remainder in equal shares to my children living at the time of my death; provided, however, if any of my children shall have such issue living at the time of my death, per stirpes, the share to which said deceased child would have been entitled if said deceased child had survived me.
 SEVENTH: I have intentionally omitted any provision hereunder for my daughter, KATHERINE RYAN, not because of any lack of affection for her, but because she is otherwise well provided for
In November, 2007, Ms. Ryan petitioned the Probate Court to construe Article Six as a class gift wherein she would be entitled to receive. The Probate Court denied her request, finding that Article Sixth provided for distributions to Alan Ryan and Debra Ayala only. Katherine Ryan appealed.
 Analysis
On a probate appeal, this Court considers all issues de novo. "An appeal under
this chapter is not an appeal on error but is to be heard de novo in the superior court." G.L. 1956 § 33-23-1 (d). "[T]he Superior Court is not a court of review of assigned errors of the probate judge, but is rather a court for retrial of the case de novo ." In re Estate ofParoda, 845 A.2d 1012, 1017 (R.I. 2004).
 Our High Court has stated:
 This court's "primary objective when construing language in a will or trust is to ascertain and effectuate the intent of the testator or settlor as long as that intent is not contrary to law." Prince v. Roberts, 436 A.2d 1078, 1080 (R.I. 1981); see also Fleet National Bank v. Miglietta, 602 A.2d 544, 549 (R.I. 1992). "Where the language of a will expressly states the testator's intention, resort to the rules of testamentary construction is without warrant; it is when the language under consideration is susceptible of being read as disclosing alternate or contrary intentions that the rules of construction properly may be invoked." Goldstein v. Goldstein, *Page 3 104 R.I. 284, 287, 243 A.2d 914, 916 (1968); see also Lancellotti v. Lancellotti, 119 R.I. 184, 191-92, 377 A.2d 1315, 1319 (1977). In re DiBiasio 705 A.2d 972, 973-4 (R.I., 1998).
Hence this Court's first task is to determine if an ambiguity exists. Mr. Ryan had three children. In Article Fifth, where he makes a specific bequest, he leaves property to "my children", but names only two of them. In Article Sixth, the bequest of residuary, he leaves his estate to "my children" without using names. In Article Seventh, Mr. Ryan describes why he "intentionally omitted any provision" for Katherine. An ambiguity exists on the face of the document.
The Court's next task is to construe the Will, with the ambiguity, if possible. Again, the Rhode Island Supreme Court provides guidance:
 [t]he fundamental rule governing courts in the construction of wills is, so far as possible, to ascertain and give effect to the intention of the testatrix. The whole will is to be taken together and each part construed with relation to the language used in other parts. Where two clauses are entirely contradictory, that clause should prevail which most nearly appears to be the intention of the testatrix as gathered from the rest of the will. Petition of Cabell, 46 R.I. 372, 128 A. 559, 560 (1925).
It should be emphasized that the primary goal is "to ascertain the testator's dominant intent from the whole will and then to give effect thereto, unless it is contrary to some established principle of law."Smith v. Powers, 83 R.I. 415, 421, 117 A.2d 844, 847 (R.I. 1955) (emphasis added); see also Chile v. Beck, 452 A.2d 626, 627 (R.I. 1982) ("The primary purpose of any will-construction suit is the discovery of the testator's or the testatrix's dispositive intent by reading the will in its entirety."); Elizabeth Higginson Weeden Home for Indigent andInfirm Females v. Weeden's Heirs, 73 R.I. 22, 23-24, 53 A.2d 476, 477
(R.I. 1947) ("To ascertain the intention of the testatrix in this cause, her *Page 4 
language should not only receive a sensible interpretation but such intention should be interpreted with reference to the whole will, keeping in mind that the plan or scheme of the will and the objects which it seeks to attain are material factors in determining her intention."). "Such intent must be ascertained only from what is actually expressed in the will itself and from implications necessarily following from the language employed by the testator without resort to conjecture or speculation." Id. (emphasis added).
"[E]xtrinsic evidence may [only] properly be considered by the court where the intention is not so determinable. Industrial Nat. Bank of R.I.v. Guiteras, 107 R.I. 379, 387, 267 A.2d 706, 711 (R.I. 1970). Similarly, "rules of construction, whether they originate with the judiciary or with the legislature, are to be applied only to acertain [sic] and effectuate the intent of the testator and not to defeat that intent."Goldstein v. Goldstein, 104 R.I. 284, 289, 243 A.2d 914, 917 (R.I. 1968) (internal quotations omitted); see also Industrial Nat. Bank of R. I. v.Clark, 98 R.I. 434, 437, 204 A.2d 310, 312 (R.I. 1964) ("It is only when the language under consideration is susceptible of being read as disclosing alternate or contrary intentions that the rules of construction properly may be invoked for the purpose of ascertaining the intent of the testator from the language he employed.")
The use of extrinsic evidence is not necessary here. It is clear from the Will, considered as a whole, that Mr. Ryan intended to exclude Katherine Ryan from "any provision hereunder". (Will, Article Seventh.) While the preceding language is not clear, there is no language which negates this intent. That is, while Mr. Ryan specifically excluded Katherine by Article Seventh, he could have shown an intent to include her in a specific bequest by naming her specifically in Article Fifth, or by use of the phrase "all *Page 5 
my children" in Article Sixth (or by using similar language). He did not. Therefore his precise language, removing Katherine as a beneficiary in Article Seventh, must be given effect and applied throughout the interpretation of the Will.[1]
Our Supreme Court has also "to apply the rule that the later clause being the last expression of the testator's intention must stand to the exclusion of an earlier clause to which it was clearly and irreconcilably repugnant." Commercial Trust Co. of N.J. v. Clinton,77 R.I. 18, 23, 72 A.2d 836, 838 (R.I. 1950); see also Goffe v. Goffe,37 R.I. 542, 94 A. 2, 6 (R.I. 1915) ("There is undoubtedly an irreconcilable conflict between paragraph 10 and paragraphs 5 and 7, and under such a condition the later clause must prevail upon the theory that it is the latest expression of the testator's intention."). In this case, the specific clause which the Court gives effect to is Article Seventh.
The Testator's dominant intent — or the plan or scheme of the Will — was to provide for the Testator's remaining children only. SeeSmith at 421, 848. This "most nearly appears to be the intention of the testat[or] as gathered from the rest of the will." Petition ofCabell, 46 R.I. at 372, 128 A. at 560.
 Conclusion
The Order of the Coventry Probate Court of May 8, 2007 is affirmed. The appeal is denied, and the case is remanded to the Coventry Probate Court for further proceedings. Counsel for respondents shall present appropriate Orders to effectuate this Decision within ten days.
[1] "One cardinal rule [of will construction] is to give effect to every portion of the will reconciling, if it fairly may be done, clauses susceptible of inconsistent construction." Steere v. Phillips,200 A. 970, 972-73 (R.I. 1938). "If it can fairly be done, a later clause in a will will be so construed as to affirm and not to contradict an earlier clause." Id.