INDUSTRIAL NATIONAL BANK OF RHODE ISLAND, *Trustee vs.* DANIEL MAURICE CLARK, *Executor, et al.*

NOVEMBER 4, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This bill in equity for the construction of a will and for instructions as to the distribution to be made of the corpus of a trust therein established was certified to this court pursuant to the provisions of G. L. 1956, §9-24-28. The complainant is the trustee of the fund set up in the will of William M. Greene, hereinafter referred to as the testator, and the respondents are those who claim an interest in the corpus of this trust and the legal representatives of certain other such claimants. The testator died on May 30, 1930 survived by a daughter and two sons, namely, Helen Greene Musgrave, who is now living, Orland S. Greene, who died December 14, 1961, and Milbury M. Greene, who died February 15, 1937.

The testator in the eighth clause of his will divided the residue of his estate into three equal parts, giving one such part to his daughter Helen and one to his son Orland in

fee simple. The remaining third of the residue he gave to complainant in trust "to pay the income for life to my son Milbury M. Greene in quarterly installments. Upon his death to pay the income in quarterly installments to his wife, Gertrude Meehan Greene, during her natural life. If my son, Milbury M. Greene, should die leaving any children, I hereby give, devise and bequeath said one third of my property in fee simple to his children. If my son, Milbury M. Greene, should die leaving no children, issue of his body, then I give, devise and bequeath the said one third of my property in fee simple to my two children Orland S. Greene and Helen Greene Musgrave share and share alike."

The record discloses that when Milbury M. Greene, hereinafter referred to as Milbury, died in 1937, he was survived by his wife, Gertrude Meehan Greene, and by one child, a daughter Jeannette, who subsequently married Dr. Daniel Maurice Clark. She died on December 6, 1962, and Dr. Clark, her surviving husband, is the executor of her estate. One son, Daniel Milbury Clark, was born of this marriage and is now living. The record discloses also that the widow of Milbury M. Greene, Gertrude M. Greene, died on March 10, 1963. In brief, it thus appears that Jeannette predeceased her mother, who was the beneficiary of a life estate in the income of the property in trust that vested in her upon the death of her husband Milbury.

The complainant concedes that Jeannette was the only child of Milbury alive at the time of his death but alleges that it is in doubt concerning her entitlement to the corpus of the trust, she not having survived the life tenancy in the income of the trust property that vested in her mother, Gertrude Meehan Greene, hereinafter referred to as Gertrude, at the time of Milbury's death. The complainant seeks to determine whether Jeannette is entitled as of right to the corpus of the estate if she did not survive the life estate in the income of the trust of her mother. The precise form of the inquiry is: "Did Jeannette Greene Clark, as the

surviving child of Milbury M. Greene, at his decease, take a vested remainder in the trust estate upon the decease of Milbury M. Greene * * *?'' Two further inquiries as to the right to the corpus of the trust if it did not vest in Jeannette at the death of Milbury were propounded by complainant but, because of the view we take on the first question, we need not consider the remaining questions.

The language of the will here being considered is not so ambiguous as to obscure the testator's intention concerning the time at which the children of his son Milbury living at his death, if any, were to take the corpus of the trust in fee. In construing the will, it is the duty of this court to give effect to the intent of the testator as disclosed therein if it be in conformity with law. *Sawyer* v. *Poteat,* 90 R. I. 51. Where the language of a will expressly states the testator's intention, resort to the rules of testamentary construction is without warrant. It is only when the language under consideration is susceptible of being read as disclosing alternate or contrary intentions that the rules of construction properly may be invoked for the purpose of ascertaining the intent of the testator from the language he employed.

In the residuary clause of the instant will the testator discloses clearly an over-all intention to distribute the bulk of his property in equal shares among his three children and their descendants. Pursuant to that intention he gave one third of the residue of the estate in fee to his daughter Helen and another one third thereof in fee to his son Orland. In furtherance of that intention he gave the remaining third of his property to such children of his son Milbury who would be living at the time of Milbury's death, making a gift to such children as a class. That the only interest given to Milbury was a life estate in the income of the corpus of the trust is significant in that his intention was consistent with the language expressly used by him, that is, that the class to take the gift was to be determined as to membership at the expiration of Milbury's life estate.

438

It is well settled that when a gift is made to a class following an intervening life estate in a third person, membership in the class determines as of the expiration of the preceding life estate. *Industrial Trust Co.* v. *Wilson,* 61 R. I. 169. This court said at page 184 of that opinion: "The established rule is that the use in a will of the word 'surviving', or of an expression akin to it to describe a class who are to take after an intervening life estate, refers to the termination of such life estate and not to the death of the testator. The employment of such a word or words under such circumstances *shows clearly* that the testator intended to postpone the vesting of the gift over to the time when the life estate would end." (italics supplied) This rule has application, of course, only in cases in which the pertinent provisions are not susceptible of being construed in a contrary sense. The language of the instant will, in our opinion, is not susceptible of such a contrary interpretation. Because we take this view and because of the fact that Jeannette was the only child of Milbury living at his death, it would be pointless to discuss the testator's intention as to whether the gift over was to vest in such children at the time of his death subject to divestiture in whole or in part.

The respondents who reject the view we take concerning the vesting of the gift over in Jeannette at the time of the death of her father Milbury argue that the testator, in giving a life estate in the income of the trust to Gertrude, the wife of Milbury, to vest if she survived him, discloses an intention that the gift was not to vest in Jeannette merely upon her surviving her father's decease. There is a twofold thrust to this argument as we understand it. First, they contend that membership in the class entitled to take the gift over to the children of Milbury was to be determined at the expiration of the life estate of Gertrude and, second, that if membership in the class was to determine upon the expiration of the life estate of Milbury, the testator intended to defer the vesting thereof until the expiration of the

life estate that vested in Gertrude upon the death of Milbury. This, in our opinion, is to argue that the will is ambiguous in that it is susceptible of being construed as disclosing an intention to defer the vesting in possession of the gift over until the expiration of the life estate that vested in Gertrude upon the death of Milbury.

Were we to concur in this contention and thus import ambiguity into the will, it would avail these respondents nothing. If we were to approach the construction of this will as an instrument that is ambiguous, we would of necessity be required to resort to the well-known rules of testamentary construction in order to determine from an application of those rules to the language employed by the testator the intention disclosed therein. In other words, were we to hold that the creation of a contingent life estate in Gertrude obscured the intent of the testator as to the time at which the remainder over to the children of Milbury was to vest and, by applying the relevant rules of testamentary construction, seek to ascertain the testator's intention, we would, in our opinion, be compelled to conclude that the gift over vested in Jeannette as the only child of Milbury living at the time of his death.

However, to discuss further the effect of the rules of testamentary construction, if invoked, in the instant circumstances would serve no useful purpose. We are of the opinion that the residuary clause clearly discloses the testator's intention that the gift in fee of the corpus of the trust fund to the children of Milbury who were living at the time of his death was to vest in such children at the expiration of Milbury's life estate in the income thereof. The creation of a contingent life estate in the income thereof in Gertrude, she surviving Milbury, was not intended to defer a vesting in interest of the gift over to the children of Milbury at the time of his decease. In short, it is our opinion that the vesting of the life estate in the income of the trust in Gertrude at the time of Milbury's decease operated only to

defer the enjoyment of the gift over of the corpus in fee until the expiration of Gertrude's life estate. It appearing from the record that Jeannette was the only child of Milbury living at the time of his decease, it is our conclusion that the remainder over vested in her at the expiration of Milbury's life estate, and for that reason we answer the first question propounded by the complainant in the affirmative.

On November 13, 1964 the parties may present for our approval a form of decree, in accordance with this opinion, for entry in the superior court.

*Hinckley, Allen, Salisbury & Parsons, Noel M. Field, Jr.,* for complainant.

*Tillinghast, Collins & Tanner, Harold E. Staples; Levy, Carroll, Jacobs & Kelly, Arthur J. Levy, Lawrence S. Gates; Edwards & Angell, William H. Edwards, Paul J. Choquette, Jr., Curtis, Mallet-Prevost, Colt & Mosle, Winslow M. Lovejoy, Jr.* (New York); *Swan, Keeney & Jenckes, Ernest A. Jenckes, Andrew H. Davis, Jr.,* for respondents.